## SAWYER *versus* FREEMAN.

An award is void, if it have allowed a claim which was not submitted, and if the amount so allowed cannot be ascertained and separated from the residue of the award.

A submission between co-tenants of a vessel, "concerning her earnings and expenses," does not authorize the referees to allow moneys paid or received for insurance.

One who charters a vessel is not thereby authorized to insure for the owner.

Neither has one part owner, *as such*, a right to insure for another.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding. DEBT on award.

The submission was contained in the condition of an arbitration bond. The condition was that " whereas differences have arisen and are now depending between Reuben Freeman, 2d, the defendant, on the one part, and Wills Carver, Benjamin Sawyer and Lewis Freeman on the other part, con-

cerning the earnings and expenses of the schooner Orizaba, from the commencement of her first voyage to the present time, of which schooner the said parties were part owners in proportions as follows, viz : — Reuben Freeman, 2d, three eighths, Wills Carver, one eighth, Benjamin Sawyer, one eighth and Lewis Freeman, one fourth ; which differences, and all demands concerning the same and all action, causes of action, judgments, executions, controversies and demands whatsoever, at any time hereafter commenced, prosecuted or depending by or between the said parties, for or by reason of the matters above mentioned ; the said parties have agreed and by these presents do agree to refer to the award and determination of A. Cummings Milliken of Seaville, in said county, and Jacob Sawyer of Tremont aforesaid, granting to them the power of calling to their aid, in making up their award, William Heath of Tremont aforesaid, who are arbitrators indifferently chosen and selected by and between the said parties.

" Now if the said parties, their executors, administrators and assigns, shall in all things well and truly observe, perform and keep the award and determination which the said arbitrators or any two of them shall make and publish of or in the premises in writing under their hands, on or before the twentieth day of March instant, then this obligation is to be void, otherwise to remain in full force."

The referees, after reciting the submission, made an award under their hands and seals, March 17, 1851, as follows : —
" Now know ye, that we the said A. C. Milliken and Jacob Sawyer, arbitrators as aforesaid, taking upon us the charge of said award and arbitrament and having deliberately heard and considered the allegations of the parties concerning the premises, do thereupon make this our award in writing between the said parties of and concerning the premises, in manner and form following, that is to say —.

First, we do award, arbitrate and determine by these presents, that the said Reuben Freeman, 2d, his heirs, executors or administrators do and shall pay or cause to be paid unto the

said Wills Carver, Benjamin Sawyer and Lewis Freeman as follows, viz, —

To Wills Carver, thirty-six dollars and sixty cts. . $36, 60

To Benj. Sawyer, thirty-six dollars and sixty cts. 36, 60

To Lewis Freeman, seventy-three . dollars and twenty-one cents, 73, 21

$146, 41

being a sum total of one hundred and forty- six dollars forty-one one hundredths.

"And that upon the payment thereof the said Reuben Freeman, 2d, shall seal and subscribe, and as his free act and deed deliver unto the said Wills Carver, Benjamin Sawyer and Lewis Freeman a general release in writing of all manner of actions, suits, cause and causes of action, bonds, bills, covenants, controversies and demands whatsoever which he hath against them, or either of them, by reason of the matter aforesaid, and that the said Wills Carver, Benjamin Sawyer and Lewis Freeman shall severally seal, subscribe and deliver a like general release to the said Reuben Freeman, 2d."

The defendant was notified of the award on the day of its date.

It was admitted, that the defendant sailed the schooner on shares, victualing, manning, managing and controlling her for one half the net earnings on the usual contract.

It was shown before the referees, that the defendant, after putting one McKenzie in his place for a voyage, did, after the time for the vessel's return had arrived, insure upon the freight $650, or $550, being about the supposed amount of his interest in it. It did not appear, that he undertook, or had any orders, to insure for the owners. The vessel was lost and the insurance money was paid to the defendant. At the trial in this suit, at *Nisi Prius*, it appeared, that the referees took this insurance money into account, and decided, that each part owner of the vessel was entitled to a proportion of the insurance money, and in making up the award charged the same, "about $300," against the defendant and against his remonstrance.

The case was submitted to the Court.

*Wiswell*, for the plaintiff.

*Herbert*, for the defendant.

SHEPLEY, C. J. — The suit is upon an award made by virtue of a submission contained in the condition of a bond, which recites, that "differences have arisen and are now depending" "concerning the earnings and expenses of the schooner Orizaba" "from the commencement of her first voyage to the present time;" "which differences and all demands concerning the same, and all actions, causes of action, judgments, executions, controversies, and demands, whatsoever, at any time heretofore commenced, prosecuted or depending, for or between the said parties, for or by reason of the matters above mentioned, the said parties have agreed and by these presents do agree to refer."

There are many comprehensive words used, but they are all restricted by other language to the differences "concerning the earnings and expenses." When the words all demands are used, they are limited to all concerning the same; and the word same has relation to the word differences and not to the vessel. So all actions, causes of action, controversies and demands whatsoever, are limited to those arising for or by reason of the matters above mentioned.

It appears from testimony introduced by the plaintiff, that "the referees took into account a certain insurance of the freight of the schooner Orizaba, charging the defendant about $300 therefor, in making up their award."

The plaintiff and other persons parties, to the submission, were part owners of that vessel. The defendant had agreed to navigate her for one half of her net earnings. He does not appear to have been authorized by the contract or otherwise to make any insurance for the other owners. By virtue of his being a part owner, or the charterer of the vessel, he had no authority to cause insurance to be made. *Finney* v. *Fairhaven Ins. Co.* 5 Met. 192.

Neither the premium paid, nor the amount received for in-

surance of freight, could properly be considered as comprehended by the terms earnings and expenses.

In the case of *White* v. *Mann*, 26 Maine, 361, the amount received for insurance was held to be included in "all net earnings and profits," as those terms were used in that contract only, because the contract provided for the payment of them "after deducting insurance and charges of every name and kind," thereby showing, that it was the intention of the parties to the contract, that insurance should be made on account of all interested and carried into the account.

The decision of arbitrators, that a matter does come within the terms of the submission, cannot be conclusive of the fact. If it could, all matters would be included, which they pleased to consider to be so, however at variance with the terms of the submission and contrary to the intention of the parties to it.

When the amount, included in an award by excess of authority, cannot be ascertained and separated so as to leave the rest part unaffected thereby, the whole award is void. *Boynton* v. *Frye*, 33 Maine, 216.

The arbitrators having exceeded their authority by deciding upon the claims of the other part owners to share the amount received for insurance upon freight, and having included the same in their award, and there being no means by which the amount so awarded can be separated from the remainder, the whole must be considered as void.

*Plaintiff nonsuit.*

Tenney, Rice, Appleton and Hathaway, J. J., concurred.