ELIJAH D. SLOCUM *v.* ALEXANDER CATLIN, GUY CATLIN, HENRY W. CATLIN AND NEWELL LYON.

[IN CHANCERY.]

To make a deed of the equity of redemption of the grantor in real estate available against an attaching creditor of the grantor, proof of a registry of the deed in the proper office, or notice to the attaching creditor, before his attachment, of the existence of the deed, must appear.

The purchaser of the equity of redemption of mortgaged premises, who has paid the mortgage debt, but who has neglected to cause his deed from the mortgagor to be recorded, until after a creditor of the mortgagor had attached the equity of redemption, has an equitable lien upon the premises for the reimbursement of the amount so paid by him.

*The court of* chancery will relieve from the legal consequences of a merger of the mortgage title in the fee, where equity requires it.

The execution debtor, or those who claim under him, cannot object to the validity of the levy of the execution upon the debtor's equity of redemption in mortgaged premises, that the mortgage debt was stated, in the officer's return of the levy, at less than the true amount. The error does not operate an injury to the debtor, but to the creditor, and of this the debtor cannot complain.

APPEAL from the court of chancery. The orator alleged in his bill, that Alexander Catlin, on the eighteenth day of March, 1839, was the owner of certain real estate described in the bill, and that he then conveyed the premises to Stephen Haight, by a deed which was absolute in its terms, but which was understood and intended by the parties to be for the sole purpose of securing Haight for certain liabilities, which he had incurred for Alexander Catlin; that the administrator of Haight conveyed the premises to Guy Catlin, and Guy Catlin conveyed them to the other defendants, Henry W. Catlin and Newell Lyon; that Alexander Catlin was indebted to the orator, and the orator, on the twenty second day of March, 1842, attached the equitable interest of Alexander Catlin in the premises, and prosecuted his suit to final judgment and execution, and caused his execution to be levied upon the mortgaged premises; and that the defendants continued to occupy the premises after the levy of the orator's execution;—and the orator prayed, that the de-

fendants might be decreed to account for the rents and profits, and to apply the same to the payment of the debt due from Alexander Catlin to Stephen Haight, and that they release that portion of the premises covered by the orator's levy.

The defendant Guy Catlin admitted, in his answer, the execution of the mortgage, and that it was made for the purpose set forth in the bill, and he averred, that Haight, previous to the seventh day of November, 1840, paid certain demands for Alexander Catlin to Strong & Co., Philo Doolittle, and one Taft, amounting to $233,10, and that on the twentieth day of July, 1839, the said Guy Catlin paid to Haight $150, for money by him paid for Alexander Catlin at Washington; that on the seventh day of November, 1840, by an arrangement between Haight, Alexander Catlin and Guy Catlin, Alexander Catlin conveyed his equity of redemption in the mortgaged premises to Guy Catlin; that Guy Catlin executed his note to Haight for $233,10, being the amount paid by Haight to Strong & Co., Doolittle and Taft, and at the same time received from Haight an agreement, that, upon the payment of said note, he would convey his interest in the premises to the said Guy Catlin; and that Guy Catlin afterwards paid the note and the administrator of Haight conveyed the premises to him. The deed from Alexander Catlin to Guy Catlin was recorded the twenty eighth of March, 1842.

The defendants Lyon and Henry W. Catlin answered; but their answers set forth no material facts. The bill was taken as confessed, as to Alexander Catlin. The answers were traversed and testimony was taken, the substance of which is fully stated in the opinion delivered by the court. Decree for the orator. Appeal by defendants.

*A. Peck* for orator.

*C. Adams* for defendants.

The opinion of the court was delivered by

KELLOGG, J. That the deed from Alexander Catlin to Stephen Haight is to be treated as a mortgage, we entertain no doubt. After the execution of the deed Alexander Catlin continued to oc-

cupy and control the premises, which were of much greater value than the amount of the liabilities assumed by Haight. Both Haight and Alexander Catlin treated it as a mortgage, and Guy Catlin, in his answer, admits, that the deed was made as an indemnity for the liabilities assumed for Alexander Catlin at Washington. Such being the fact, Alexander Catlin had an equitable interest in the premises, which was subject to attachment by his creditors, until he was legally divested of that interest. To make the deed from Alexander Catlin to Guy Catlin available, as against the creditors of Alexander Catlin, proof of a registry of it in the proper office, or notice to the attaching creditor, before his attachment, of the existence of the deed, must appear. But neither appears in the present case.

It was urged at the argument, upon the authority of *Pratt* v. *Bank of Bennington*, 10 Vt. 293, that a registry of the deed was unnecessary. That case, however, is not analogous to this. There the court held, that for the purpose of a foreclosure by the assignee of a mortgage, it was not necessary to record the assignment; and this upon the well settled principle in chancery, that the mortgage is regarded as a mere incident of the debt, and as accompanying it, wherever that may be assigned; and as the *debt* may be assigned by parol, the mortgage security may be transferred in the same way. This has no application to the transfer of the equity of redemption. We think, therefore, that the orator acquired a lien by his attachment. It is not necessary, in disposing of the questions raised in this case, to inquire what would have been the effect upon the rights of creditors, had the deed from Alexander Catlin to Guy Catlin been recorded before the attachment. No pecuniary consideration passed upon the execution of the deed, and there was a great disparity between the value of the premises and the amount of Mr. Haight's incumbrance. The conveyance by the administrator of Haight to Guy Catlin was a transfer of Haight's interest under the mortgage, or in effect an assignment of the mortgage. Guy Catlin having procured an assignment of the mortgage and a release from Alexander Catlin of the equity of redemption, the *legal* consequence was, that the mortgage interest became merged in the fee. It is, however, doubtless competent for a court of equity to relieve from the legal consequences of the

merger, by setting up the mortgage, where equity requires it should be done. Guy Catlin having paid off the incumbrance, he has an equitable lien upon the premises for the reimbursement of the same. And the case appears to have been so considered by the chancellor.

But it has been urged, that the defendant Guy Catlin should have been allowed a lien upon the estate, by virtue of the mortgage, for the sum of $233,10, being the amount of the note by him executed to Haight on the seventh of November, 1840, in addition to the $150 by him paid on the twentieth of July, 1839. It appears, that the usual course was pursued, of referring it to a master to ascertain and report the sum due upon the mortgage, and also the rents and profits of the premises after the orator's levy. The master reported the sum due upon the mortgage to be $150 on the twentieth of July, 1839, and that there was no evidence, that the note to Strong & Co., the note to Philo Dolittle and the demand to Taft were included in the mortgage of Alexander Catlin to Stephen Haight, by virtue of an agreement between them, and that there was no evidence, that Haight ever paid, on the score of his original liability for the said Alexander, any more than the sum of one hundred and fifty dollars. This report was confirmed by the chancellor and formed the basis of his decree.

On examining the proofs we are unable to find any satisfactory evidence, to justify a different result than the one reported by the master. It is indeed true, that Guy Catlin, in his answer, alleges, that the execution and payment of the note to Haight of $233,10 was with the assent and at the request of Alexander Catlin, as was also the arrangement with Haight for the assignment of the mortgage; but this, not being responsive to the bill, is not evidence for the defendant. Nor is the paper detailing these demands of Strong & Co., Doolittle, and Taft, and containing the declaration and signature of Mr. Haight, that he had paid those demands for Alexander Catlin, satisfactory evidence of the fact. But suppose this difficulty removed, and we were to regard the fact of the payment of these demands by Haight established by the proofs, there is still another objection to the allowance of this claim. There is no evidence of any agreement between Alexander Catlin and Haight, by

Slocum *v.* Catlin et al.

which Haight was to hold the mortgage as security for such payment. We think, therefore, that this claim was properly disallowed.

It is farther objected, that the orator's levy of his execution is irregular and void, inasmuch as it appears, that the mortgage to Haight is not stated at the true amount, but at *less* than the amount. And the case of *Paine* v. *Webster*, 1 Vt. 101, is cited to sustain this objection. So far from its being an authority in support of the objection, it is a direct authority in support of the levy. That the incumbrance is estimated at too small a sum does not operate an injury to the debtor, but to the *creditor*, and of this the *debtor* cannot complain.

The result is, that the decree of the court of chancery is affirmed, with costs to the orator, and the case remanded to the court of chancery.