WALKER, SMITH & CO. v. CARLOS BAXTER AND CHAMPLIN
FLETCHER.

*Appeal from probate court.    Mortgagor & Mortgagee.    Merger.*

The allowance of demands secured by mortgage, as claims against the estate of
the mortgagor, will have no effect to defeat or impair that security, or prevent
their being taken into account, in the allowance of such dividends against the
estate, as may be ordered by the probate court; for until the claims are fully
paid by the mortgagor, or some person having his interest, they stand in the
same situation, as other claims allowed against the estate, for which no security
by mortgage was ever obtained.

Nor will the purchase of the equity of redemption, by the mortgagee, at a public
sale by the administrator of the estate of the mortgagor, merge the different es-
tates of the mortgagor and mortgagee so as to operate as payment or satisfaction
of the debts for which the mortgage was given, and this rule will obtain both
at law and in equity.

APPEAL from a decree of the probate court, for the district of
Chittenden, for the payment to the defendants of a dividend upon
the estate of Geo. E. Harrington.

Plea the general issue, and trial by the court, at the March
Term, 1852, PIERPOINT, presiding Judge.

On the trial, the plaintiffs introduced in evidence a copy of rec-
ord from the probate court of the report by the commissioners
on claims of said estate, showing an allowance against the estate
to the plaintiffs of $181,76; one to Baxter, of $3,216,17, on
three notes secured by mortgage, which said mortgage, Baxter,
at the time of said allowance, declared to the commissioners his
intention not to waive by reason of recovering said allowance, as
appeared by said report; also an allowance to Fletcher, of $3,101,-
34, on a note.

The plaintiffs also offered a copy of a deed of mortgage from
said Harrington to said Fletcher, of certain lots in Burlington,
dated July 7, 1849, to secure the note on which said allowance
was made to said Fletcher; also a copy of a deed of assignment,
dated July 11, 1850, of said land and last mentioned note from
said Fletcher to said Baxter; also a copy of a deed of mortgage
from said Harrington to William C. Harrington, of the same land
and other lands in said Burlington, to secure said three notes, on
which said allowance was made to said Baxter, said deed bearing

Walker, Smith & Co. *v.* Barker et al.

date Nov. 21, 1848; also a copy of a deed of assignment, dated December 4, 1848, from said William C. Harrington to said Baxter, of the lands and notes embraced in said mortgage deed; also a copy of a deed of quit-claim from Joseph D. Allen, as administrator of said Geo. E. Harrington to said Baxter, dated August 1, 1850, conveying to said Baxter, for the consideration of two hundred and fifty dollars, all the interest and estate which was in said Geo. E. Harrington, at his decease, in said lands; also a copy of the license from the said probate court to said Allen, to sell said lands; also a copy from the probate court of the license to sell, and of the warrant to the said commissioners.

The defendants were also required on trial, to produce the original deeds, and notes for which the said mortgages were given under notice to produce the same on trial; they admitted the service of said notice, and waived all objections to the introduction of said copies.

It appeared in evidence on the part of the defendants, that after the grant of said license to sell, the administrator advertised the property mentioned in his said deed to said Baxter, and some other real estate belonging to said estate, to be sold at public auction in said Burlington, July 10, 1850; that on the day last mentioned, and at the place advertised for said sale, and before the sale to Baxter, the administrator represented to those present, that there were upon the property advertised for sale, the mortgages herein before described, and the amount due upon the same. That the notes secured by the said mortgages, so assigned to said Baxter, had been allowed against the estate, by the commissioners appointed for the adjustment of claims against it.

That in his, the administrator's opinion, fifty per cent. would be paid upon the said allowance to said Baxter and Fletcher, by dividends from the other assets of the estate, thus relieving said land to that extent. That he, the administrator, guaranteed nothing except the correctness of his proceedings, as administrator of said estate.

It also appeared, from the defendants' evidence, that said Baxter purchased relying upon said representations.

Upon the foregoing facts the county court rendered judgment, affirming the decree of the probate court.

Exceptions by plaintiffs.

*W. W. Peck* for plaintiffs.

(1.) The purchase of the equity of redemption by Baxter, worked an extinguishment of the mortgages, and a partial or entire satisfaction of the mortgage debts; and the decree of the probate court was erroneous in ordering distribution of the dividend upon the entire debts, as allowed; and not their residue after deducting the payment received from the land, if there was a residue.

(*a.*) An *extinguishment,* transpires when a collateral right or interest, and the estate out of which it arises, meet in a person in the same right without an intervening interest. If the collateral right or interest arises by separating the legal and equitable titles, the meeting produces a reunion or restoration; the equitable being extinguished in the legal title, as one cannot be a trustee to himself. 3 Greenl. Cruise 551—57, 586; 2 Mason 531, *Dexter* v. *Harris.*

At law the rule of extinguishment is uniform. In equity it admits of two exceptions; the one, where the purposes of justice, that is, the rights of the party require that the separation should continue; the other, where it is indifferent to his rights, but is his intention that the separation should continue; that is manifested at the time of the meeting, and is a just intention, that it can be accomplished without prejudice to the rights of third persons.

(*b.*) In the case of a mortgage, the effect of an extinguishment produced by the mortgagee buying in the equity of redemption must be a partial or entire satisfaction. The pledge has ceased to exist, and has vested absolutely in the pledgee. Unless satisfaction shall be deemed to be the result, and the obligation *pro tanto* discharged, the creditor would be entitled to double payment to the extent of the value of the property. On the contrary, if the mortgagee pays the debt, the mortgagee must restore the property and whatever he has realized from it. All this is upon the principle that in any event he must account for the security. 18 Vesey 383, *Forbes* v. *Moffat*; 3 Greenl. 260, *Freeman* v. *Paul;* 24 Maine 332, *Campbell* v. *Knight;* 18 Conn. 131, *Bassett* v. *Mason;* 3 Johns. Ch. 53 *Gardner* v. *Aster;* 6 Ibid. 393, *Starr* v. *Ellis;* Ibid. 417, *James* v. *Johnson & Morey*; 2 Greenl. Cruise, 555—57, 586, and notes; 4 Kent's Com. 102–3.

The present case is within the principle. The legal and equitable estates met in Baxter. His rights did not require that the

mortgages should be kept alive, for there was no outstanding title against which he needed protection; and he evinced no intention to the contrary. To prevent an extinguishment would, upon the above grounds, have worked a fraud upon the other creditors, the mortgagor being dead and insolvent. The case is analogous to that of bankruptcy, where the creditors claim against the common fund, and one or more of them have specific securities besides. Hence the law of marshalment directly applies. Baxter would therefore be deemed *prima facie* to have been paid in full; and if he claimed to come in under the dividend with a residue, he should have shown that the security was inadequate.

(2.) The case stands upon the principle, which governs where the mortgagee obtains an absolute title by foreclosure. That is a union of the two estates in himself; of an application of the security upon the debt. If he still claims to resort to the debtor, he must show that the security was inadequate. A purchase of the equity by the mortgagee of the mortgagor, does not differ in its result. This is an amicable, the other a compulsory application of the security.

(3.) But the purchase was conclusive evidence of a payment in full.

The equity of redemption is of real value, only when there is a surplus in the value of the property over the amount of the incumbrance. Baxter by paying the $250, for the equity admitted that there was such a surplus, and that he obtained by his purchase the amount of the mortgage debts, and something beside; and is estopped from denying the fact. 2 Conn. 161, *Baldwin* v. *Norton et al.* 7 Watts 475, *Pierce* v. *Potter.* 2 Johns. Ch. 125, *Tice* v. *Annie.* 7 Paige 248, *Cox* v. *Wheeler.*

*Smalley & White* for defendants.

It has been often decided as a clear and well settled rule of law, that where the mortgagor has by deed conveyed his equity of redemption to the mortgagee, in satisfaction of the debt secured in the condition of the mortgage, the mortgage becomes an absolute title, and is not merged in the equity of redemption, if such merger would operate to the injury of the mortgagee. *Marshal* v. *Wood,* 5 Vt. 250. *Putnam* v. *Russell,* 17 Vt. 54. *Slocum* v. *Cat-*

XXVI    46

*lin*, 22 Vt. 137. *Myers* v. *Brainard*, 1 D. Chip. 448. *Lock-wood* v. *Sturdevant*, 6 Conn. 373. *Baldwin* v. *Norton*, 2 Conn. 161.

The general rule is that the union of estates will create a merger, unless there be some beneficial purpose or some interest to prevent it. *Starr* v. *Ellis*, 6 Johns. Ch. R. 393. *Gardner* v. *Aster*, 3 Johns. Ch. 53. *James* v. *Morey*, 2 Cow. 246. *Forbes* v. *Moffatt*, 18 Ves. 384.

If the incumbrance is greater than the land mortgaged, the mortgagee is entitled to his dividend. If the incumbrance still remains of greater value than the land mortgaged, the equity of redemption is of no value. If otherwise, the equity of redemption can be sold. *Duncan* v. *Fish, Admr.*, 1 Aik. 231.

The claims were properly allowed by the commissioners as a debt against the estate, and the purchase of the equity of redemption by Baxter, in manner and form as set forth did not pay and extinguish his debt against the estate, so as to preclude him from a dividend. *Findley* v. *Hosmer*, 2 Conn. 350.

The opinion of the court was delivered by

ISHAM, J. We are satisfied, upon an investigation of this case, that the decree of the probate court must be affirmed. The purchase by Mr. Baxter, of the Fletcher mortgage, vested in him the interest of Mr. Fletcher, with that of his own, as mortgagee of the premises. The allowance of the demands secured by mortgage, as claims against the estate of the mortgagor, will have no effect to defeat or impair that security, or prevent their being taken into account, in the allowance of such dividends against the estate, as may be ordered by the probate court. Until the claims are fully paid and satisfied by the mortgagor, or some person having his interest, they stand in the same situation, as other claims allowed against the estate, for which no security by mortgage was ever obtained.

There is no propriety in saying that the claim due and allowed to Mr. Baxter, or that which was allowed to Mr. Fletcher, and now owned by Mr. Baxter, was paid or satisfied, in the purchase by him, of the equity of redemption at the public sale by the administrator, under the license and order of the probate court. It is unquestionably true, that the union of the two estates effected

by that purchase, vested in Mr. Baxter an absolute title and estate to the premises. But it has too often been decided in this state, to be now questioned, that such a purchase will not be considered a merger of the different estates of the mortgagor and mortgagee, so as to operate as payment or satisfaction of the debts for which the mortgages were given, when it will operate inequitably, or to the injury of the mortgagee. At law, the rule in relation to the merger of estates is somewhat more strict, than that which prevails in equity; but whether the matter arises at law or in equity, the estates of the mortgagor and mortgagee, when united, will not be considered or treated as merged, so as to operate as payment or extinguishment of the debt, unless such was the evident intention of the parties; nor will that result follow, if there exists some beneficial interest on the part of the mortgagee, that requires to be protected, and where it is for his benefit to keep the legal and equitable interests separate and distinct. This rule exists where the equity of redemption is released by the mortgagor himself during his life, and it applies with greater force, when that interest is obtained by the mortgagee, at a public sale by the administrator, for the benefit of all the creditors of the estate. *Myers* v. *Brownell*, 1 D. Chip. 548. *Marshal* v. *Wood*, 5 Vt. 250. *Slocum* v. *Catlin*, 22 Vt. 137. *Baldwin* v. *Norton*, 2 Conn. 161. *Lockwood* v. *Sturdevant*, 6 Conn. 390. 4 Kent's. Com. 105. In the case of *Forbes* v. *Moffat*, 18 Ves. 384, the rule was recognized, that the whole question rests upon an expressed or presumed intention of the parties; and that the debt will be treated as paid and satisfied when it is evident that the release of the equity of redemption to the mortgagee was made with a view to satisfy the debt; otherwise, it will have no such effect. The master of the rolls, in that case observed, " that it is very clear, that a person becoming en-" titled to an estate subject to a charge for his own benefit, may if " he chooses, at once, take the estate and keep up the charge, and " upon looking into all the cases, in which charges have been held " to merge, I find nothing which shows that it was not perfectly in-" different to the party in whom the interests were united, whether " the charge should, or should not subsist." In cases where there is no interest on the part of the mortgagee to keep the two estates separate and distinct, a merger is effected by a union of the estates, the less estate sinks into the greater, and the debt will be

treated as paid and satisfied, particularly if the value of the mortgaged premises is equal to the amount of the debt. If the equity of redemption in this case had been purchased by some other person, no one would question the right of Mr. Baxter, to receive these dividends, and then proceed, by a foreclosure of the mortgage, to obtain payment for the balance of his debt; for, in equity, and at law, he is entitled to both. By that procedure, he would obtain just what he now obtains by an affirmance of the decree of the probate court.

It is not to be presumed that Mr. Baxter, in purchasing the equity of redemption, was so regardless of his interest, as to pay therefor the estimated value of that equity, for the benefit of the estate, and thereby throw away his right to these dividends. That could not have been his intention, or the understanding of any one interested in that estate.

The case is free from any difficulty as to the real intention of the parties, and shows conclusively, that the estate was publicly offered for sale, subject to the application of this dividend on the claim of Mr. Baxter, which was secured by those mortgages; and that it was upon this basis the value of the equity of redemption was estimated at the sale. It is expressly stated, that at the time of the sale, the administrator gave public information, of the existence of these mortgages, and that Mr. Baxter was the assignee of the Fletcher mortgage, and that in his opinion fifty per cent. would be paid on all the claims allowed, including the claims allowed to Messrs. Baxter and Fletcher, and that Mr. Baxter purchased that interest relying upon the representation that the dividends were to be paid to him. In affirming the decree of the probate court, we are manifestly carrying into effect the intention of the parties, and the equity of the case.

The judgment of the County Court must be affirmed, and the case certified to the probate court.