CASE 61—EQUITY—DECEMBER 11.

78  291
92  474

# Citizens' Bank of Paris v. Patterson, &c.

### APPEAL FROM HARRISON CHANCERY COURT.

A creditor holds a note upon one as principal, another as surety. Both make assignments for the benefit of creditors. The chancellor cannot require the creditor to relinquish his demand to any extent upon either. Both are bound to the creditor for the payment of the entire debt. His *pro rata* from each estate must be equal to that of any creditor of one of them until his debt is paid.

BRENT & McMILLAN FOR APPELLANTS.

Appellant, holding a note against both Levi and Noah Patterson, is entitled, as against the estate assigned of each, to as much as any creditor of one of them until the debt is satisfied, if there be enough estate. (22 Am. Rep., 754; 11 Casey, 481; 21 P. F. Smith; 1 Bland, 484; Logan v. Anderson, 18 B. Mon., 114.)

A. H. WARD AND J. Q. WARD FOR APPELLEES.

The creditors of Noah Patterson should be made equal. His deed of assignment requires equality, and its provisions must be respected. (Miller's Estate, 82 Penn. St., 113; 10 Harris, 441; Keene's Appeal, 9 Wright, 151; Logan v. Anderson, 18 B. Mon., 114.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In the month of March, 1878, Levi Patterson executed a deed of trust conveying all of his estate to James L. Patterson for the payment of his indebtedness, and on the same day Noah Patterson conveyed all of his estate to the same trustee for a like purpose. The deeds were delivered, and the trust created by each conveyance accepted by the trustee.

The grantors were both insolvent, and it became necessary to make a *pro rata* distribution of the proceeds of the sale of the trust property between the creditors. The grantors were the sureties of each other, and, one of the estates paying only about sixty cents to the dollar and the other eighty-five cents, the trustee filed this petition, to which the

creditors were made parties, asking the chancellor to deter-
mine the manner in which the distribution of the assets.
should be made.    The Citizens' Bank of Paris and others,
(appellants) held the notes of Levi Patterson, with Noah
Patterson as surety, and the chancellor, in directing distribu-
tion, adjudged that the appellants should first exhaust the
estate of the principal in payment of their claims, and, after
crediting their several demands with the amount received,
were entitled to their *pro rata* distribution on the balance of
their debts unpaid from the estate of the surety.    Counsel.
for the appellee insists that the creditors of Noah Patterson
can be made equal in no other mode than the one adopted by
the judgment, while the appellants insist that the equitable
mode of distribution is to give them the benefit of the surety
they had taken, and that they are entitled to a *pro rata* dis-
tribution on the whole amount of their debt, regardless of
the sum realized from their principal debtor.    It is true that
a surety who pays the debt of his principal may have an
assignment of the claim, or, upon proof of payment without
an assignment, would be entitled to payment from the estate
of his principal, or share in the distribution of the estate, if
insolvent, with the other creditors; and if Noah Patterson,
the surety on these notes, had paid them off, he would have
been entitled to the same amount in the distribution of his.
principal's estate that these creditors have already received.
Such a right on the part of the surety cannot be questioned;
but when conceded to exist, cannot affect the principle in-
volved in this case.    So far as the creditors of Levi and.
Noah Patterson are concerned, whether bound as principals,
or by becoming surety the one for the other, they are both
equally liable for the whole amount of the debts.

The surety sustains the loss by reason of his obligation, and when the creditor to whom he is bound obtains his *pro rata* payment from the insolvent principal's estate, that terminates any claim the surety may have upon the trustee, the payment of the creditor inuring to the benefit of the surety. The joint creditor has the advantage over the individual creditor for the reason that he has two liable for his debt. Equality in the distribution among creditors cannot control the action of the chancellor where one creditor has obtained a preference by lien, or has two sureties for the same debt. He cannot require the creditor to relinquish either.

The surety has no claim against the estate of his principal in the present case, for the reason that in the distribution of the assets belonging to the insolvent principal the debt for which the surety is bound has received its *pro rata* distribution, and to that extent the surety has been relieved; and the assumption by counsel that such a claim exists constitutes the basis of the erroneous but plausible argument made.

We do not attach any importance to the provision contained in each conveyance, "*for an equal distribution of their assets among their respective creditors.*" Such would have been the effect of the instruments creating the trusts, if no such provision had been inserted, and the case is presented alone upon the legal and equitable rights of creditors. Each conveyance was made to secure the application of the assets to the payment of the whole sum due the appellants, and not a part of it. The creditors were the equitable owners of the trust estates to the extent of their several claims. Suppose the estate of Levi Patterson had paid fifty cents to the dollar, and Noah Patterson's estate a like dividend. From the judgment below, the creditor, although

the dividends from both estates are ample to pay his debt, is.
denied payment and told that he can receive fifty per cent.
from the principal, but only his dividend *on fifty per cent.*
from the surety.   And for what reason? because he has a.
surety on his note and the other creditors have none.   The·
chancellor has no power to divest one of his legal and equit-
able rights unless acquired in violation of some law; and
when creditors come into a·court of equity, the sureties or·
securities held by one creditor cannot be disregarded, or the·
rights of that·creditor restricted so as to cause a loss to him
with a view of equalizing all the creditors.   He may compel:
a creditor to first exhaust a separate security with a view of
enabling the other creditors to derive some benefit from a.
security in which all are jointly interested, but in doing so·
will be careful to protect the rights of all.

If A is the debtor of B, and, to secure him, executes a.
mortgage on part of his estate, and, for the purpose of se-
curing all of his creditors, including B, executes to them a.
mortgage on the balance of his estate, the chancellor would
require B to exhaust first his separate lien and then look to·
the last mortgage for the balance of his debt; and if a *pro·
rata* distribution is required, it must be made upon the whole·
debt, as the mortgage was given to secure the whole and:
not a part.   This is no new doctrine in this state.   The same·
principle was announced in Logan v. Anderson (18 B. Mon--
roe), and sustained by the equitable rule laid down in Story's.
Equity, volume 1, section 633.   The creditor has the right.
to look to all or either one of his sureties for the payment of
his entire debt, and will not be compelled to take the estate·
of his principal and apply it as a credit, and then look to the·
*pro rata* distribution of the estate of his surety on the bal-
ance of his debt.   The principal's estate in this case pays;

sixty cents to the dollar, and the surety's estate eighty-five cents, and yet, by applying the credit as has been done, the joint creditors are unpaid. Such a ruling is not sustained by any recognized principle of equity.

We see nothing in this case to distinguish it from the cases cited, and have been unable to find any decision of this court, or any principle in the elementary books on kindred subjects, sustaining the view of the chancellor below.

The judgment is therefore reversed, and cause remanded, with directions to ascertain the *pro rata* distribution from each estate on the entire debts due the appellants, and, after crediting the amount derived from the principal's estate, the whole of the *pro rata* portion of the assets of the surety will also be applied, unless they exceed the debt. Of course the appellants can only claim that their debt should be paid.

This is not intended to prevent the assignee from distributing without a reference to the commissioner.

To a petition for rehearing—

CHIEF JUSTICE PRYOR DELIVERED THE RESPONSE OF THE COURT.

On a petition for a rehearing, counsel for the appellee accepts the doctrine recognized by the court in the original opinion as sound, but rejects the conclusion reached on the idea that the property having been conveyed in trust for the benefit of creditors, an equity arises in behalf of the surety that did not theretofore exist. He says: "The fund out of which the payment was made for the surety did not belong to the surety but to a trustee to be administered for the *equal benefit* of all the surety's creditors; and as the property belonged to the trustee, any payments made by him out of that property inure to the benefit of all equally—not solely to the joint creditor—and it is maintained that if the creditor in this case had resorted to the estate of the surety in the

first instance and obtained a *pro rata* distribution, he would not afterwards be allowed to prove the whole debt against the estate of his principal."

We are asked: "In what sense does the payment of the principal inure to the benefit of the surety or his creditors, if, notwithstanding the payment, the creditor can come on the trust estate for the whole of his debt?" In response to this inquiry, it is proper to suggest that no payment was ever made by the principal. The assets of the estates of the principal and surety are both in the hands of the chancellor for distribution; no payment has been made by either; the trustee holds the property of both for no other purpose than to pay their debts. The claim of the creditor in this case is as much the debt of the surety as the principal, and for the purposes of distribution can be regarded in no other light than as the sole debt of each obligor. The surety owes the money, and the fact that the settlement of his estate devolves on the chancellor does not lessen or increase his liability. The chancellor sees that the estate of the principal pays sixty cents to the dollar, and that of the surety eighty-five cents; that both are equally bound for the debt, and for that reason makes the whole amount claimed the basis of distribution. Every creditor's claim is paid in the same manner, and to deny the appellant his *pro rata*, and thereby require him to lose a part of his debt, when the estate of both the obligors is more than sufficient to pay it, would be contrary to the plainest principle of equity and justice. If you assume the basis adopted by counsel, that payments have been made by the principal, the propriety of the judgment below would not be questioned.

Petition overruled.