# PROVIDENCE COUNTY.

---

CHARLES B. ALLEN *vs.* JOHN W. DANIELSON, Assignee, *et als.*

In Rhode Island a creditor who has a claim secured by a lien is entitled to a dividend from the voluntary assignee of his debtor on the whole amount of his claim.

*Knowles, Petitioner*, 13 R. I. 90, disapproved and overruled.

A. made an assignment "for the equal benefit of all his creditors in proportion to their respective claims." The assignee made two dividends. Creditors secured by mortgage received nothing of the first dividend ; but, as the mortgage did not pay their claims, the

assignee recognized them as creditors for the excess of their claims over payments realized from the mortgage, and at the second dividend paid them such percentage of this excess as the unsecured creditors received from the two dividends.

*Held*, that, before the assignee made a third dividend, the secured creditors should receive a percentage on their whole claims equal to that which the unsecured creditors received from the two dividends, *provided* such percentage did not exceed the amount still due to them, and *provided* the assignee had sufficient funds.

*Held*, further, that, in case the assignee did not have sufficient funds, he, having followed the rule of *Knowles, Petitioner, supra*, in good faith and with the acquiescence of the creditors, should not be required to make up the deficiency from his own property.

BILL IN EQUITY for an account and for distribution.

*March* 5, 1887. DURFEE, C. J. The assignment under which the questions in this case are raised conveys all the property of the assignors, except such as is exempt from attachment by law, to the assignee, in trust, to sell and convert it into money and apply the proceeds to the payment, first, of certain claims entitled or allowed to be preferred, and then "for the equal benefit of all our creditors in proportion to their respective claims." At the time of the assignment some of the general creditors held claims which were secured by mortgage. The first question is, whether the creditors so secured were entitled to dividends on their full claims *pro rata* with the other creditors.

The rule in bankruptcy, both in England and in this country, when we have a bankrupt law, is, that creditors so secured shall have dividends only on the residue of their claims after converting and applying the security, or after deducting its appraised or agreed value. This rule has been applied sometimes in the settlement of an insolvent estate after the death of the debtor or under his assignment; but, according to the decided weight of authority, the rule is to allow all the creditors to bring in their claims in full and have dividends accordingly, it being the duty of the personal representative or assignee, if a secured debt is so reduced by the dividends that the security will more than pay it, to redeem for the benefit of the creditors. 1 Story Eq. Juris. § 564 *b*; Bispham Equity, § 343; Jones on Pledges, § 587; *Mason* v. *Bogg*, 2 Myl. & C. 443; *In re Xeres Wine Shipping Co.* L. R. 3 Ch. App. 771; *Moses* v. *Ranlet*, 2 N. H. 448; *West* v. *Bank of Rutland*, 19 Vt. 403; *Walker, Smith & Co.* v. *Barker*, 26 Vt. 710; *Findlay* v. *Hosmer*, 2 Conn. 350; *Logan* v. *Anderson*, 18 B. Mon. 114; *Citizens' Bank of Paris* v. *Patter-*

*son,* 78 Ky. 291; *Shunk's Appeal,* 2 Pa. St. 304; *Miller's Estate,*
82 Pa. St. 113; *Van Mater* v. *Ely,* 12 N. J. Eq. 271; *Evertson*
v. *Booth,* 19 Johns. Rep. 486; *Jervis* v. *Smith,* 7 Abb. Pr. N. S.
217; *Bates* v. *Paddock,* Supreme Court Illinois, 7 Western
Reporter, 222, issue of February 12, 1887. The ground of deci-
sion in these cases is that the creditors are severally creditors to
the full amount of their claims, and are therefore entitled to
dividends to the full amount, the security being regarded as some-
thing collateral, which does not reduce the debt, but only secures
the creditor *pro tanto* in case the debtor or his estate cannot pay
the debt in full. And in the case at bar this is the rule which
comports with the language of the assignment declaring the trust,
namely, that the assignee shall apply the proceeds, after paying
the preferred creditors, " for the equal benefit of all our creditors
*in proportion to their respective claims,*" not in proportion to their
claims less the value of any securities which they hold.

In the case of *Knowles, Petitioner,* 13 R. I. 90, this court
allowed a creditor under an assignment who was secured, and
who, after the presentation of her claim, had converted and applied
her security, to share with the other creditors only to the extent
of her unpaid residue. The case was a petition for an opinion on
a case stated, and was doubtless submitted without full argument
or presentation of authorities, so that the court, prepossessed in
favor of the rule in bankruptcy on the score of equality and by
familiarity with it, and wishing to avoid a diversity of rules, sup-
posing that there were two lines of decision of about equal author-
ity to choose between, naturally, without the consideration which
it might otherwise have bestowed, chose that line of decision
which was in accord with the rule in bankruptcy. The case is
not without respectable support. *Amory* v. *Francis,* 16 Mass.
308; *Farnum* v. *Boutelle,* 13 Metc. 159; *Wurtz, Austin &*
*McVeigh* v. *Hart,* 13 Iowa, 515. But we have no doubt that we
should have decided the case differently, if we had had before us,
when we decided it, the same array of authorities which we have
before us now. The question then is, shall we adhere to it out
of regard for the maxim *stare decisis,* or shall we adopt what we
now consider the sounder rule? We have come to the conclusion
that, considering how recently the case was decided, very little

harm will come from overruling it, and that by doing so we shall not only establish the correct rule, but also, which is no inconsiderable gain, establish the rule which is generally prevalent elsewhere.

It appears in the case at bar that the assignee has already made two dividends. No part of the first was paid to the secured creditors. When it was made it was supposed that the mortgaged property would suffice to pay them in full. Before the second dividend the mortgaged property was sold, and the proceeds were found to be insufficient, quite a large residue of indebtedness remaining unpaid. The assignee, in making the second dividend, recognized the secured creditors, in accordance with the rule laid down in *Knowles, Petitioner*, as creditors to the extent of the unpaid residue, and allowed them as such to share *pro ratâ* with the other creditors in the second dividend, and also made up to them for not participating in the first dividend. The assignee now has more assets to be applied, and the creditors who were secured contend that they are entitled to be paid out of said assets so much as is necessary to put them on an equality with the other creditors, on the basis of their claims in full, before any third dividend is made.

In *Midgeley* v. *Slocumb*, 32 How. Pr. 423, the court held that a creditor under an assignment, who, having a security, had received a payment in part by converting it before dividend, was only entitled to share in the dividend as a creditor to the extent of the unpaid residue. So likewise in *Third National Bank of Baltimore* v. *Lanahan*, Court of Appeals, Maryland, 7 Atlantic Reporter, 615, issue of February 16, 1887. The decision in both these cases, however, was predicated upon the construction given to the language of the assignments, which was supposed to require that the proceeds should be divided among the creditors in proportion to the claims which they held at the time the dividends were made. In *Morris* v. *Olwine*, 22 Pa. St. 441, which was a case of distribution under an assignment for the benefit of creditors, a creditor by bond and mortgage was held entitled *pro ratâ* on his whole claim, though he had collected the greater part out of the mortgaged property, the amount collected and the dividend together being insufficient to satisfy the debt. He was not

restricted to a dividend on his claims as reduced by the proceeds of the mortgage. To the same effect are *Miller's Appeal*, 35 Pa. St. 481, and *Graeff's Appeal*, 79 Pa. St. 146, both of which were cases of distribution under assignments for the benefit of creditors. The doctrine of these cases is that such an assignment creates a trust for the benefit of the creditors in proportion to their claims respectively, as their claims exist when the trust is created, and, accordingly, that they are entitled to the benefits of the assignment in the same proportion so long as they continue to be creditors. We think the same doctrine applies to the assignment here; for, as we have seen, the assignment here is for the equal benefit of the creditors, " in proportion to their respective claims," which means, in our opinion, in proportion to the claims which they respectively held when the assignment was made.

Our decision is that the creditors who were secured are entitled to receive, out of the funds in the hands of the assignee, so much as will put them on a par proportionately with the other creditors, on the basis of their claims as they were when the assignment was made, before any other dividend, provided that what they receive shall not exceed what remains due to them as creditors, if the assignee has so much. If the assignee happens not to have so much, we do not think he is bound to make good the deficiency out of his own means, he having acted in good faith under the rule as laid down in *Knowles, Petitioner*, with the acquiescence of the creditors in making the former dividends.

*Joseph C. Ely*, for complainant.

*James Tillinghast, Edwin Aldrich, Charles Bradley, Charles F. Ballou*, for respondents.