### In re IVES et al.

### In re MINERS' SAV. BANK.

(*Supreme Court, Special Term, New York County.* May, 1890.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—PROOF OF CLAIMS—COLLATERAL SECURITY.
    A creditor of an insolvent assignor, who holds collateral security for his claim, may prove the entire claim against the assigned estate, without first resorting to the collateral, or surrendering or accounting for it.

Special proceedings instituted by William N. Crowell to account as assignee of Henry S. Ives & Co. The Miners' Savings Bank of Wilkesbarre presented a claim for $28,875, of which $12,600 had been realized by the sale of collateral held by the bank.

Before FRANCIS LYNDE STETSON, Esq., Referee.

*W. J. Curtis,* for the assignee. *Mr. Wood,* for the bank. *Lawrence & Waehner,* for other creditors.

STETSON, R. It is insisted by Mr. Wood, representing the Miners' Savings Bank of Wilkesbarre, that he is entitled to prove against the insolvent estate of Ives & Co. the full amount of the note, without first resorting to the collateral, and without surrendering or accounting for such collateral prior to the payment of the note. The strict terms of the promise contained in this note seem to entitle the payees to enforce the obligation of that promise to its full extent until fully satisfied, primarily against the promisors, and secondarily against the collateral fund. It is, however, insisted by the assignee that this natural order of procedure cannot apply in respect of the insolvent estate of the promisors who have become insolvent since the making of the note. It is said by the assignee that this natural order must be reversed; that the payee of the note must proceed first against the special fund pledged as collateral; and that no claim can be made against the estate of the promisors until such fund has been exhausted; and, further, that the dividend to which such payees may ultimately be entitled must be computed upon the amount of the note, after deducting therefrom the proceeds of the collateral, and not upon the face amount of the note. In this contention I agree with the counsel for the payee of the note, and disagree with the as-

signee.   While the law upon this point has been variously stated, in different jurisdictions and at different periods, I am of the opinion that the rule is properly stated by Mr. Bispham, in his "Principles of Equity," (section 343,) as follows: "The result of throwing a creditor, who has two securities for his debt, upon the singly-charged fund, is, of course, to effect a payment of the debt so far as that fund will extend.   Suppose, now, the general assets of the debtor are insufficient to meet all his liabilities, the question will then naturally arise whether the creditor who has realized a portion of his debt shall be entitled to a dividend on the whole amount of his claim, or only upon the balance remaining after the appropriation of the fund which has been exclusively under his control.   The rule in bankruptcy was that the creditor was only entitled to prove for the residue; the right to resort to the prior security being treated, *pro tanto*, as payment.   But this rule is peculiar to the bankrupt law, and the better doctrine is that it is not applicable to cases outside of that law.   Therefore, the rule would seem to be that the circumstance that the creditor had a right to resort to a fund which is open to him alone shall not preclude him from coming in upon a fund of an insolvent estate which is common to all creditors, and obtaining a dividend on the full amount of his debt, subject to the common-sense qualification that the total so received by him shall not exceed the sum due.   There has, indeed, been some difference of authority upon this point.   But the case of *Greenwood* v. *Taylor*, [1 Russ. & M. 185,] where the doctrine was laid down that the rule in bankruptcy applied also to the administration of the insolvent estates, cannot now be considered as law; and the decisions in the American courts, which have assumed the same position, will perhaps be reconsidered when the point comes up again in the tribunals where they were rendered.   In several of the states the courts have refused to follow that decision."   This view is also recognized as sound by Mr. Jones, in his treatise on Pledges, in which he says, (section 587:) "The pledgee may prove his whole claim against the pledgeor's estate in insolvency, without deducting the value of his security.   This is the rule more generally adopted in the absence of a statutory requirement.   If the dividend so reduces the debt that the collateral security will more than pay it, the security must be redeemed for the benefit of the general creditors. This rule gives effect to the equitable principle that a creditor's diligence shall be rewarded by giving him his full legal rights.   Aside from the accidents of the insolvency or death of the debtor, a creditor holding a mortgage or a pledge has a double security.   He has the right to proceed against both, and to make the most he can of both; why he should be deprived of this right is not very easy to see."   See, also, 3 Pom. Eq. Jur. § 1414.   The law as thus stated is that which has been long established in Vermont, New Hampshire, Connecticut, New Jersey, Pennsylvania, and Illinois, (*Mason* v. *Bogg*, 2 Mylne & C. 443–446; *Putnam* v. *Russell*, 17 Vt. 54; *West* v. *Bank*, 19 Vt. 403; *Walker* v. *Baxter*, 26 Vt. 710; *Moses* v. *Ranlet*, 2 N. H. 488; *Findlay* v. *Hosmer*, 2 Conn. 350; *Van Mater* v. *Ely*, 12 N. J. Eq. 271; *Shunk's Appeal*, 2 Pa. St. 304; *Morris* v. *Olwie*, 22 Pa. St. 441; *Miller's Appeal*, 35 Pa. St. 481; *Graeff's Appeal*, 79 Pa. St. 146; *Logan* v. *Anderson*, 18 B. Mon. 114;) the grounds of this rule having been recently clearly stated by MAGRUDER, J., in *Re Bates*, 118 Ill. 524, 9 N. E. Rep. 257.   The different rule prevailed in Massachusetts, Maryland, and Iowa, and was at first adopted in the Rhode Island courts, (*Petition of Knowles*, 13 R. I. 90;) but, in the recent case of *Allen* v. *Danielson*, (decided March 5, 1887,) 15 R. I. 480,[1] the supreme court of Rhode Island, through Chief Justice DURFEE, carefully considering the whole matter, overruled the previous decision, and established the law in accordance with the decisions generally prevailing as above stated. In New York it was long assumed that the creditor was obliged to proceed

[1] 8 Atl. Rep. 705.

first against the fund upon which he alone had a lien, and that he could claim from the insolvent estate dividends only upon the residue, after applying his special security. *Besley* v. *Lawrence*, 11 Paige, 581; *Strong* v. *Skinner*, 4 Barb. 546–560; *Midgeley* v. *Slocomb*, 32 How. Pr. 423–426. These cases, however, after a careful consideration, have been considered as insufficient support for the rule which they were supposed to establish, and the right of the creditor holding security to prove for the full amount of his claim, and to receive dividends upon that amount, without first exhausting his collateral, is fully recognized in the opinion of MASTEN, J., in the case of *Jervis* v. *Smith*, 1 Sheld. 189, 7 Abb. Pr. (N. S.) 217. This rests upon the well-established principle that though "where a party has two funds out of which he can satisfy his debt, and another creditor has a lien posterior in point of time to one of the funds only, the first creditor will in equity be compelled to resort to that fund which the junior creditor cannot touch, in order that the junior creditor may avail himself of his only security, yet such marshaling of assets is to be adopted only where it can be done without injustice or injury to the debtor or creditor." *Evertson* v. *Booth*, 19 Johns. 486–493. For, as was observed by Chief Justice SPENCER, in the case last cited, "A court of equity will take care not to give the junior creditor this relief, if it will endanger thereby the prior creditor, or in the least impair his prior rights to raise his debts out of both funds. The utmost that equity enjoins in such a case is that the creditor, who has a prior right to two funds, shall first exhaust that to which the junior creditor cannot resort; but where there exists any doubt of the sufficiency of that fund, or even where the prior creditor is not willing to run the hazard of getting payment out of that fund, I know of no principle of equity which can take from him any part of his security until he is completely satisfied." As these views commend themselves to my judgment, I must hold that the note of the Miners' Savings Bank of Wilkesbarre may be proved, and that any dividend payable thereon is to be computed upon the amount of the note, without reference to the collateral.