(Hamilton County Court of Common Pleas.)

F. JELKE *v.* EDMUND K. STALLO, ASSIGNEE OF HENRY HERBERS.

---

A creditor is entitled to an allowance of his claim as it stood at the date of the assignment of the debtor, and to receive dividends on the whole claim, notwithstanding the fact, that, subsequent to the assignment and prior to the presentation of the claim for allowance, the creditor had subjected collaterals held by him, and applied the proceeds on account of the claim ; provided only, that he shall not receive, altogether, more than the amount of his claim.

(Decided October Term, 1894.)

---

SAYLER, J.

The plaintiff holds two promissory notes of dates September 24, 1885, and March 1, 1893, respectively, executed by Henry Herbers and Mary C. Herbers, for the aggregate amount of $3,500. These notes were secured by mortgages executed by Mary C. Herbers on her individual property. On April 6, 1893, Henry Herbers made an assignment to Edmund K. Stallo in trust for the benefit of his creditors, and on the same day Mary C. Herbers also made an assignment to said Stallo in trust for the benefit of her creditors. Proceedings were taken subsequent to said assignments to subject the property conveyed by said mortgages to the payment of the notes, and the sum of $2,912.78 was realized and appplied in the payment on account thereof. Thereupon plaintiff presented to the defendant, as assignee of Henry Herbers, his claim on the two notes for allowance. The claim so presented was for the full amount of the two notes, to-wit, $3,500, with interest. The defendant refused to allow said claim to the amount of $3,500, with interest, but was willing to allow the same for the balance after deducting a credit of $2,912.78, received as aforesaid. The plaintiff was not willing to accept such allowance, and the defendant thereupon rejected said claim. This action is brought under section 6352, Revised Statutes, to require the allowance of the claim.

The question at issue is whether the plaintiff is entitled to an allowance of the claim as the claim stood at the date of the assignment, and to receive dividends on the whole claim, notwithstanding the fact that subsequent to the assignment the claim was reduced by the application of the proceeds of the mortgaged property ; or is the plaintiff entitled to an allowance of the claim as it stood at the time it was proved; that is, for a balance, after the application of such proceeds, and is he entitled to receive dividends only on such balance ?

I think the decided weight of authority is that the holder of a note may prove his claim for the whole amount due on it at the time the claim is proved against the estate of the maker, and the fact that the holder may have collaterals or other securities, which he has subjected to the payment of the same, after such proof, does not affect his right to receive a dividend against the estate of the maker upon the full amount of his original claim, provided only that he shall not receive in such dividend more than sufficient to satisfy the balance of his claim. *In re Meyer*, 78 Wis. 615, and cases cited.

But in the case at bar the holder of the note subjected the security and applied the proceeds to the payment of the note before he proved his claim. May he yet prove for the full amount of his original claim and receive dividends thereon ? The court, *In re Meyer, supra*, 626, 627, would seem to hold that if the collateral is subjected to the payment of the claim prior to the proof, the owner of the claim can not consistently or truthfully claim that his debt has not been reduced by the amount so applied. See, also, 121 N. Y. 334, 335 ; 19 Vt. 409.

This question has, however, been considered and very fully discussed

by the court, TAFT, C. J., in the case of *Chemical National Bank* v. *Armstrong*, 59 Fed. Rep. 372, and in which the court cites and reviews many, if not all, the cases, and holds that "creditors of an insolvent national bank can not be required in proving their claims to allow credit for any collections made after the date of the declared insolvency from collateral securities held by them." Section 5236, of the United States Revised Statutes, provides that the "Comptroller shall make a ratable dividend of the money so paid over to him by such receiver on all such claims as may have been proved to his satisfaction, or adjudicated in a court of competent jurisdiction," etc. I think, therefore, the decision of Judge TAFT is in point under the laws of Ohio, which require the presentation and proof of claims. The theory upon which Judge TAFT decides the proposition is that the creditor acquires an interest in the assets of the estate, and that his interest is fixed and limited in the property when the act is done by which either the legal or the equitable title is transferred to him, which would be the execution of the deed of assignment in an assignment for the benefit of creditors, and that such interest is not varied by subsequently applied payments from collaterals. See 35 Pa. St. 481; 45 Pa. St. 151, 160; 79 Pa. St. 146, 148; 82 Pa. St. 113; 79 N. C. 244; 92 Tenn. 437; 15 R. I. 480; 22 Oregon, 406; 78 Ky. 291; 118 Ills. 524.

Since said decision was rendered by Judge TAFT, the Supreme Court of Ohio, in deciding the case of *McNeil, assignee* v. *Hagerty*, 31 W. L. B. 356, say: "The effect of the assignment is to devote the property absolutely to the satisfaction of the debts of the assignor, just as they existed at the time of the assignment, subject, necessarily, to be depleted by the expenses of the trust. *Ib.* 359. The court further say: "While the legal title to the property is in the assignee, it is so only for the purpose of facilitating the settlement of the trust. Equitably, the property is vested in the creditors. * * The assignee is, in every essential particular, an officer of court. The fund is in his hands as such, and he is bound to do with it just what the court directs. The fund, therefore, is really in the custody of the court, and, as before stated, the beneficial interest is in the creditors. They can not, it is true, receive their own at once, but that is because it requires some time to reduce the assets to money, and for the adjustment of the debts and claims." *Ib.* 361. This decision would seem to support the theory of Judge TAFT.

I think the weight of authority is against the application of the rule of equity, claimed by the defendant, in cases of this kind, viz., " where the creditor has two funds out of which he can make his claim, he will be compelled to resort to that fund upon which other creditors have no lien;" see *In re Meyer, supra*; 18 B. Mon. 114; 82 Mich. 607. I think the right of a creditor is to be worked out through his interest acquired in the property under the deed of assignment, and that on distribution he is entitled to his *pro rata* share of the assets on the basis of his claim as it stood at the time of the assignment, unaffected by amounts subsequently received from collateral securities, provided only that he shall, all together, not receive more than the amount of his claim.

I think, therefore, in the case at bar, the judgment should be against the assignee; that he allow the claim of the plaintiff for $3,500, with interest to the date of the assignment, in settlement of his trust with costs of suit.

*Roelker & Jelke*, for plaintiff.
*Gerard & Stallo*, for defendant.