[Filed June 18, 1892.]

CHARLES P. KELLOGG & CO. *v.* D. H. MILLER.

ASSIGNMENTS—SECURED CLAIMS—DIVIDENDS.—A creditor whose claim is secured by mortgage may prove the entire claim against the estate of an insolvent debtor, and receive from the assignee a dividend accordingly, like other creditors, irrespective of his security, because the courts will not disturb the contractual relations assumed in good faith by the debtor and creditor.

Jackson county: L. R. WEBSTER, Judge.

Defendant appeals.  Affirmed.

*Willard Crawford,* and *Sanderson Reed,* for Appellant.

*Francis Fitch,* and *C. J. MacDougall,* for Respondents.

BEAN, J.—On July 29, 1890, C. J. Kurth and John W. Miller, partners doing business under the firm name of Kurth & Miller, being insolvent, made a general assignment of all their property to appellant D. H. Miller for the benefit of their creditors. At the time of the assignment, Kurth & Miller were indebted to respondents Charles P. Kellogg & Co. in the sum of one thousand four hundred and forty-eight dollars and ninety cents on a promissory note, for goods, wares, and merchandise, which indebtedness was secured by a mortgage upon certain real property of the probable value of eight hundred dollars. Within the sixty days allowed by law, Kellogg & Co. presented to the assignee their claim, duly verified, for one thousand four hundred and forty-eight dollars and ninety cents, being the full amount thereof; and on September 13, 1891, the assignee having converted into money all the property of the estate of Kurth & Miller, except the mortgaged prem-

ises, the circuit court of Jackson county, in a proper proceeding, ordered and adjudged that the assignee pay to all the creditors of the estate, including Kellogg & Co., *pro rata,* according to the amount of their respective claims, from which order this appeal is taken. The only point raised by, and to be decided on, this appeal, is whether a creditor of an estate in the hands of an assignee under the general assignment law, whose claim is secured or partially secured by a mortgage on real property, is entitled to a dividend on the face of such claim without regard to the value of the mortgaged property; or whether such creditor is compelled to rely upon his mortgage first, and is entitled to a dividend only upon the balance of his claim, if any, after his security is exhausted. There are some conflicting decisions upon this question in the courts of this country and in England.

The law governing the administration of estates in bankruptcy, which is, that creditors so secured shall have dividends only on the residue of their claims after converting and applying the security, or after deducting its appraised value, has been applied sometimes in the settlement of an insolvent estate, after the death of the debtor, or under his assignment; but there seems to be no warrant for any such application of the bankruptcy doctrine. The rule in bankruptcy proceeds, it is generally said, upon the express provisions of the statute requiring the creditor to give up his security in order to be entitled to prove his whole debt, or if he retain it, only proving for the balance of the debt after deducting the value of the security held, and hence is not controlling upon a court administering in equity upon the estate of insolvent debtors. By the great preponderance of authority, the creditor has a right, in the absence of statute, to prove and have dividends upon his entire debt, irrespective of the collateral security. (Jones on Pledges, § 587; 1 Story Eq. § 564*b*; *People* v. *Remington,* 121 N. Y. 328; *Allen* v. *Danielson,* 15 R. I. 481 (overrul-

ing *Knowles, Petitioner*, 13 R. I. 90; *In re Bates*, 118 Ill. 524; 59 Am. Rep. 383; *Paddock* v. *Bates*, 19 Ill. App. 470; *West* v. *Bank of Rutland*, 19 Vt. 403; *Walker* v. *Baxter*, 26 Vt. 710; *Citizen's Bank* v. *Patterson*, 78 Ky. 291; *Brown* v. *Merchants' Bank*, 79 N. C. 244; *Moses* v. *Ranlet*, 2 N. H. 488; *Morris* v. *Olwine*, 22 Pa. St. 441; *Keim's Appeal*, 27 Pa. St. 42; *Graeff's Appeal*, 79 Pa. St. 146; *Mason* v. *Bogg*, 2 My. & Cr. 443; *Kellock's Case*, L. R. 3 Chan. App. 769.)

These cases proceed upon the theory, that by the contract between the debtor and creditor, the creditor secures a personal right against the debtor, and also a right to proceed against the security in case the debt is not paid. The debt or personal right is the principal thing; the security being regarded as something collateral, which does not reduce the debt, but only secures the creditor *pro tanto* in case the debt is not paid in full by the debtor or his estate. In the absence of the intervention of positive or statutory law, this contract is not varied or changed by the insolvency of the debtor or his assignment, and the courts will not interfere with the rights and remedies which a creditor secures to himself by contract. Hence he may prove against the estate for the entire amount due him, and receive his dividend accordingly. And this comports with the provisions of the assignment law of this state, which requires the court to "order the assignee to make from time to time fair and equal dividends, among the creditors, of the assets in his hands, in proportion to their claims," (Code, § 3180,)—not in proportion to their claims less the value of any security they may hold.

Counsel for appellant invoke the well-recognized equitable principle that if a creditor have two funds out of which he may make his debt, he will be required to resort to that fund upon which another creditor has no lien. While this is true as a general rule, it must be understood with some qualification, and "is never applied except when it can be done without injustice to the creditor,

or other party in interest, having a title to the double fund." (Story's Eq. §§ 560, 633.) "In its application, the paramount incumbrancer must not be delayed or inconvenienced in the collection of his debt, for it would be unreasonable that he should suffer because some one else has taken imperfect security." (3 Pom. Eq. § 1414; *Evertson* v. *Booth*, 19 Johns. 485.) It is, therefore, thought this principle has no application to a case like the one at bar. (*People* v. *Remington, supra; Paddock* v. *Bates*, 19 Ill. App. 470.)

We are aware a different rule from the one here contended for is announced in *Amory* v. *Francis*, 16 Mass. 308; *Farnum* v. *Boutelle*, 13 Met. 159, and *Wurst* v. *Hart*, 13 Iowa, 515; but, with the court of appeals of New York, we think that, "whether we look at this question in the light of reason, or of the adjudged cases, the rule which best commends itself to our judgment is that which leaves the contractual relations of the debtor and his creditor unchanged when insolvency has brought the general estate of the debtor within the jurisdiction of a court of equity for administration and settlement. The creditor is entitled to prove against the estate for what is due to him, and to receive a dividend upon that amount. If the collateral securities are more than sufficient to satisfy any deficiency in the payment of the debt from the dividends, the personal representatives may redeem them for the benefit of the estate." (*People* v. *Remington, supra.*)

The judgment appealed from is therefore affirmed.