[Argued February 20, 1893; decided March 7, 1893.]

## DAN MARX *v.* CHARLES GOODNOUGH ET AL.
[S. C. 32 Pac. Rep. 511.]

PARTNERSHIP—RIGHT TO AN ACCOUNTING.—The purchaser of a partner's interest in a firm may maintain a suit in equity for an accounting, even though the only partnership assets consist of a stock of goods of which the plaintiff has an inventory.

Union County: MORTON D. CLIFFORD, Judge.

Suit for an accounting and dissolution of a partnership. Plaintiff had a decree, and defendants appeal.   Affirmed.

*Wm. H. Winfree,* and *W. H. Holmes,* for Appellants.

*C. H. Finn, Chas. H. Carter,* and *D'Arcy & Bingham,* for Respondent.

BEAN, J.—This is a suit for an accounting and dissolution of the partnership composed of W. S. Wines and H. B. Glover, formerly doing business as partners at Island City, Union County, under the firm name of W. S. Wines.   A demurrer to the complaint was sustained by the court below, and, on appeal to this court, the decree was reversed (*Marx* v. *Goodnough,* 16 Or. 26, 16 Pac. Rep. 918); after which an answer was filed, and the cause referred to a referee to report the law and the facts. The referee reported in favor of the plaintiff, and his report was confirmed by the trial court, from which defendants appeal.

The facts, as disclosed by the evidence and the report of the referee, and about which there is no dispute, are

XXIII. OR.—35.

that in 1884 Wines and Glover formed a partnership for carrying on a harness and saddlery business in Island City in the name of W. S. Wines. This business was continued, as agreed, until January 24, 1885, when Glover sold his half interest in the business to the plaintiff, but Wines refused upon demand to let him into possession of the property, and, on the twenty-sixth day of the same month, Wines sold his half interest in the stock of goods to defendants, who thereupon took possession thereof, but not of any books or choses in action, and refused to admit or recognize any right in Marx to the property, but, on his request for an inventory, gave him a copy of the one they had taken, and, on the twenty-seventh of January, they sold and disposed of their entire stock of goods, which was of the value of twenty-six hundred dollars.

The argument for defendants is that, under these facts, plaintiff had an adequate and complete remedy at law, and, for that reason, this suit should have been dismissed. This question was substantially decided adversely to defendants' contention on the former appeal in this case. The only material difference between the allegations of the complaint then before the court, and the evidence, is that in the complaint it was averred that defendants refused to permit or allow the plaintiff to look at or examine the accounts of the firm, or in any manner learn the financial condition thereof, and that an accounting of the entire partnership business was necessary in order to ascertain the value of plaintiff's interest; while from the evidence it appears that defendants did not have possession of, or claim any interest in or to, the books of the firm, and that there were no outstanding accounts or obligations due or payable to the partnership, and it was not indebted in any sum, but all the property it owned or possessed was the stock of goods in question, of which plaintiff had a full and complete inventory prior to the commencement of this suit. But it is not perceived how this fact would oust a court of equity of jurisdiction.

The suit still remained one for dissolution and settlement
of a partnership, in which the remedy administered by a
court of equity is far more comprehensive and complete
than can be administered in a court of law, and is conse-
quently one of the well recognized heads of equity juris-
prudence. The plaintiff, by his purchase from Glover,
did not obtain any separate interest in the property or
effects of the firm, but only Glover's interest or share of
what remained after an accounting and the payment of
debts, if any. By this purchase he stands in the place
of Glover, and has the right to call for an accounting and
settlement of the partnership concern, and take his share,
if any surplus remains, in severalty: Parsons, Part.
*359; 2 Bates, Part. § 927. The fact that plaintiff knew
the condition of the accounts of the firm, and the amount
and value of the stock of goods, before he commenced his
suit, manifestly did not prevent him from having recourse
to equity (*Personette* v. *Pryme*, 34 N. J. Eq. 26), for he
could obtain a final settlement and adjustment of the
partnership affairs, and distribution of the partnership
property, in a court of equity only. Had he commenced
an action at law for the conversion of the property by
the defendant, it is probable a plea of partnership would
have been a complete defense.

In *Miller* v. *Brigham*, 50 Cal. 615, it appeared that the
property in controversy lately belonged to a co-partner-
ship firm, composed of the defendant and one Crossin,
and that, before the commencement of the action, the lat-
ter had sold and conveyed to the plaintiff his one undivided
half interest in the property. Upon these facts, and the
further fact that the defendant had, upon demand made
by the plaintiff, refused to let the latter into possession
of the chattels, the court below gave judgment for the
plaintiff. But on an appeal it was held that, upon the
facts thus disclosed, the action could not be maintained.
"The effect of the assignment by Crossin to the plain-
tiff," says the court, "was to dissolve the co-partnership
and to vest the plaintiff with a right to insist upon an

account of the joint concern, and to have whatever his assignor would have been entitled to upon a settlement of the affairs of the co-partnership, and in the meantime the defendant Brigham is entitled to the possession of the property for the purpose of winding up the affairs of the dissolved co-partnership. It is unnecessary to go over the authorities which support this proposition. Some of them will be found collated in Parsons, Part. 2 ed. 160, note C."

From these premises we conclude the decree of the court below must be affirmed, and it is so ordered.