Argued December 20, 1921, affirmed January 24, 1922.

# McKINNIS v. DODGE et al.

(203 Pac. 876.)

**Partnership—No Particular Form of Notice Required to Dissolve, and Any Notice by One Partner to Another Sufficient.**

1. No particular form of notice by one partner to another is required to dissolve, and any notice to this effect given by one partner to another is sufficient.

**Partnership—Agency of Each Partner for His Copartner Continues to a Limited Extent After Dissolution Until Their Affairs are Wound Up.**

2. During the existence of a firm each member is the agent of his copartner to transact business within the scope of the partnership, and this mutual agency continues to a limited extent after dissolution until their affairs are wound up.

**Partnership — After Dissolution Partner cannot Bind Firm as to Negotiable Paper Without Actual Authority from Copartners.**

3. As to new contracts the implied agency of partners ceases on dissolution, and a partner is without authority to bind the firm as a party to negotiable paper without actual authority from his copartners.

**Partnership—After Dissolution Partner may not, Without Authority, Issue Notes or Borrow Money in Name of Firm to Meet a Pre-existing Debt.**

4. Borrowing money to meet pre-existing obligations of a partnership constitutes a new contract, and a partner after dissolution may not issue notes in the name of the firm to liquidate pre-existing firm debts or borrow money for that purpose without express or implied authority.

**Partnership—Note and Chattel Mortgage on Firm Property Given by One Partner After Dissolution to Pay Firm Debts Held Valid as to That Partner's Interest.**

5. Where, after dissolution, one partner gave a note in the firm name secured by chattel mortgage on firm property to pay pre-existing firm debts, though the note and mortgage were not obligations of the firm, they were valid as against his interest, subject to the claims of creditors against the firm, and the lien of the mortgage was transferred to the proceeds of a sale of the mortgaged property.

**Partnership—Partner Who Pays More Than His Share of Firm Debt Entitled to Contribution from Copartner.**

6. A partner who pays more than his share of a firm debt is entitled to contribution from his copartner on an accounting and final settlement of their affairs.

Partnership—Mortgages on Firm Lands may be Presented as Claims
Against Partnership Assets Without Affecting the Security.

7.  Where firm lands were subject to a first and second mortgage,
they may be presented as claims against firm assets entitling the
mortgagees to payment *pro rata* with other creditors without affect-
ing the security, though one was a purchase-money mortgage.

Partnership—Partner Who Paid Overdue Interest and Part of Princi-
pal of Firm Mortgage Debt by Note and Chattel Mortgage After
Dissolution Held Entitled to Reimbursement.

8.  Where partner after dissolution gave a note in the firm name
and chattel mortgage on firm property to pay overdue interest and
part of the principal on mortgages on such property, the note and
chattel mortgage being valid as against him, though not as against
the firm, he is entitled to contribution from his copartner, though
the claim on the note and chattel mortgage was presented by the
payee.

From Harney: DALTON BIGGS, Judge.

Department 2.

This is a suit for an accounting and to settle and
wind up the affairs of a partnership. Plaintiff ap-
peals.

Plaintiff and defendant were copartners engaged
in farming and stock-raising in Harney County, under
the firm name of Dodge & McKinnis. In their plead-
ings both plaintiff and defendant asked for the ap-
pointment of a receiver and an accounting and settle-
ment of the partnership affairs.

The Circuit Court, over the objection and protest
of plaintiff, allowed the claim of James W. Garrett
against the partnership for $2,038.96, and gave the
same preference over other claims against the part-
nership, except the expenses and fees of the receiver.

Garrett's claim was evidenced by a promissory note
for $1,832, bearing 8 per cent interest, due one year
from October 28, 1919, and a chattel mortgage secur-
ing the same, upon all the personal property of the
partnership, which note and mortgage were executed
in the firm name by defendant subsequent to the
service of summons and complaint upon him in this

suit and long after plaintiff had notified both defendant and Garrett that plaintiff had withdrawn from the partnership.

Plaintiff claims that after notice of his withdrawal from the partnership and institution of this suit, defendant was without authority to execute the note and chattel mortgage in the name of the firm, or to bind the firm in the transaction, and that therefore the note and chattel mortgage, and the claim evidenced thereby, are not partnership obligations.

At the time this suit was commenced, the assets of the copartnership consisted of 720 acres of land, forty-one head of cattle, a few horses and some hay and farm implements and equipment. The land was encumbered with a first mortgage for $13,000, payable in 1927, upon which there was due interest for one year, and by a second mortgage in favor of the above-named James W. Garrett, as trustee, given to secure a part of the purchase price of the land, and evidenced by three notes aggregating $5,300, on which was due November 1, 1919, interest for one year and $2,400 of the principal. Both mortgages bore interest at the rate of 8 per cent per annum. The personal property of the partnership was unencumbered, and the unsecured indebtedness of the firm to third parties was less than $300.

The Circuit Court, contrary to plaintiff's contentions, made upon the hearing and renewed upon this appeal, found and determined that the partnership was indebted to defendant in the sum of $1,177.73, and that plaintiff was indebted to the partnership in the sum of $488.25.

Of the $1,832, evidenced by the note and chattel mortgage executed by defendant in the name of the firm to Garrett, $1,040, was applied in payment of

the interest due upon the first mortgage upon the lands owned by the partnership, and the remaining $792 was credited upon the second mortgage held by Garrett, as trustee. Plaintiff insists that because said second mortgage was given to secure a part of the purchase price of the lands, the mortgagee was restricted to his security for payment, and was not entitled to payment, either of interest or principal, from the assets of the partnership, and that therefore Garrett, whether he be regarded as the mortgagee, or as having individually advanced money which was credited upon the second mortgage, could not rightfully assert a claim therefor against the partnership assets. Neither the first nor second mortgage was presented as a claim against the partnership.

The receiver, under the direction of the court, sold the real property, subject to the mortgage liens thereon; the personal property was sold as though unencumbered, and the lien claimed by Garrett, based upon his chattel mortgage, was transferred to the proceeds of the sale, subject to the payment of the expenses of the receivership. At the sale the real property brought one dollar and the personal property $2,567.75, all of which was absorbed by the expenses of the receivership and the Garrett claim except $94.29. The expenses of the receivership were $435.50.                    Affirmed.

For appellant there was a brief and oral argument by *Mr. C. A. Sweek.*

For respondents there was a brief over the name of *Mr. C. B. McConnell,* with an oral argument by *Mr. J. W. Biggs.*

McCOURT, J.—Upon the hearing had in the lower court, plaintiff and defendant each introduced oral testimony in support of their respective claims against the partnership. An account-book purporting to show the receipts and expenditures of the firm and the capital contributed by each member thereto was introduced in evidence, and also a statement of the partnership account to October 1, 1918. The items set forth in these documents were explained by the oral testimony. The record upon appeal does not contain a transcript of the oral testimony introduced at the hearing, and is therefore insufficient to enable this court to review the determination of the Circuit Court in respect to the claims made by plaintiff and defendant against the partnership.

1. A partnership is dissolved by notice of one partner to his associates of his election to terminate the partnership. No particular form of notice is required, and the notice given in this case was sufficient to, and did, effect a dissolution of the partnership between plaintiff and defendant: 20 R. C. L. 954; 30 Cyc. 650; Rowley on Modern Law Partnership, Vol. 1, § 593; Burdick on Partnership (3 ed.), p. 235.

2. During the existence of the partnership, each member is the agent of his copartners and has implied authority from them to transact any business within the scope and object of the partnership, and after dissolution this mutual agency continues to a limited extent until the affairs of the partnership are administered and wound up: *Riggen* v. *Investment Co.*, 31 Or. 35, 40 (47 Pac. 923); 20 R. C. L. 883, 968.

3. But after dissolution a partner is without authority to bind the firm as a party to negotiable paper, or to any other new business engagements or

contracts, without actual authority therefor from his associates. As to new contracts, the implied agency of a partner for his associates ceases when the partnership is terminated: Burdick on Partnership (3 ed.), pp. 235, 243; 20 R. C. L. 968; 30 Cyc. 659.

4. The authorities are agreed that the borrowing of money to meet pre-existing obligations of a partnership constitutes a new contract, and that a partner after dissolution has no power to issue notes in the name of the firm, without express or implied authority to do so, for the purpose of liquidating pre-existing firm debts, or to borrow money for that purpose: 20 R. C. L. 971; 1 Rowley on Modern Law Partnership, § 604; 30 Cyc. 667, 668; Burdick on Partnership (3 ed.), p. 243; *Bank of Monroe* v. *Drew*, 126 La. 1028, (53 South. 129, 32 L. R. A. (N. S.) 255, and note); *Pollak Bros.* v. *Niall-Herin Co.*, 35 L. R. A. (N. S.), note, at p. 55.

5. The Garrett note and chattel mortgage were not obligations of the partnership and should not have been treated by the court as such. Without the Garrett claim, the partnership account as found by the Circuit Court after the payment of all costs of the receivership, was as follows:

| | | |
|---|---|---|
| Cash in hands of the receiver | | $2,133.25 |
| Claims against the partnership: | | |
| Paul Finke | $ 260.00 | |
| Matt Riggs | 22.00 | |
| M. V. Dodge, defendant | 1,177.73 | $1,459.73 |

Balance for distribution between plaintiff and defendant..$ 673.52

If the Garrett claim is left out of consideration, the foregoing claims are entitled to payment in full, leaving $673.52 to be divided between plaintiff and defendant. The court found that plaintiff was indebted to the partnership in the sum of $488.25, so

that plaintiff's share of said surplus would amount
to $92.63, and that of defendant to $580.88. Garrett's
note and chattel mortgage, however, are valid obli-
gations against the defendant. The partnership was
dissolved, though its accounts were not settled when
the note and chattel mortgage were given, and the
chattel mortgage became a lien upon the interest of
defendant in the partnership property and assets,
subject to the claims of creditors against the firm:
*Marx* v. *Goodnough,* 16 Or. 26 (16 Pac. 918); *Marx*
v. *Goodnough,* 23 Or. 545 (32 Pac. 511); *Eilers Music
House* v. *Reine,* 65 Or. 598, 605 (133 Pac. 788).

When the property upon which this chattel mort-
gage was a lien was sold by the receiver, Garrett's
lien was transferred to the proceeds of the sale;
hence the share of Dodge in the said proceeds, includ-
ing his claim against the partnership, and his share
of the assets, after paying the debts, amounting to
$1,758.51, was subject to Garrett's claim.

6. A partner who pays more than his share of a
partnership debt is entitled to contribution from his
copartner upon an accounting and final settlement
of the affairs of the partnership: *McDonald* v.
*Holmes,* 22 Or. 212 (29 Pac. 735); *Webb* v. *Butler,* 192
Ala. 287 (68 South. 369, Ann. Cas. 1916D, 815, and
extensive note where many cases are collected).

The law authorizes a partner paying more than his
share of firm indebtedness "to charge the whole to the
firm in the partnership account of which he will have
the benefit as a credit on settlement of that account
voluntarily or by a suit in equity": *McDonald* v.
*Holmes,* 22 Or. 212, 216 (29 Pac. 735).

7, 8. Defendant not only had a right to pay the
overdue interest on the first mortgage upon the part-
nership lands, but he was obliged to do so, and the

same is true of his right and obligation with respect to the overdue interest and principal upon second mortgage upon the lands in favor of James W. Garrett, trustee. Both the first and second mortgages might have been presented as claims against the partnership assets, and had that been done, the claimants would have been entitled to payment from the assets of the partnership *pro rata* with other creditors, without in anywise affecting the security of the mortgages; *Kellogg* v. *Miller,* 22 Or. 406 (30 Pac. 229, 29 Am. St. Rep. 618); *White* v. *Ladd,* 34 Or. 422 (56 Pac. 515); *Rockwell* v. *Portland Savings Bank,* 39 Or. 241 (64 Pac. 388). In that event it could not have been successfully objected that the second mortgage was a purchase-money mortgage; that objection is only available in case resort is had by the mortgagee to the remedy of foreclosure.

The moneys secured by defendant upon the note and chattel mortgage were applied by defendant upon overdue obligations of the partnership. Defendant appears to have acted in good faith in the transaction. Plaintiff was equally liable with defendant for the payment of those obligations, and when defendant's share of the partnership assets is taken to satisfy the new obligations of defendant, incurred in making the payments mentioned, the share of plaintiff in those assets in equity and good conscience becomes liable to contribute to defendant, to the extent that he has paid more than his proportion of the debts under consideration.

Contribution can be required of plaintiff in this proceeding, notwithstanding that the claim upon the note and chattel mortgage is presented by Garrett, instead of defendant. The court has power to adjust the entire matter so far as the parties before it and

the subject matter over which it has jurisdiction will permit. As pointed out, Garrett is entitled to be paid $1,758.51, the share of defendant in the partnership assets; thereupon payment to that amount by defendant upon the firm obligations is consummated, if it was not already complete, and defendant is entitled to credit for such payment against the firm.

The partnership assets, including the indebtedness of plaintiff to the firm, are insufficient to satisfy the contribution due defendant, so the exact amount of such contribution need not be determined.

The foregoing views do not entitle plaintiff to a decree more favorable than that from which he appeals. None of the other interested parties have appealed and presumably they are satisfied with the decree of the lower court.

The decree of the Circuit Court is therefore affirmed.                          AFFIRMED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.