Submitted on briefs January 22, affirmed February 16, rehearing denied March 16, motion to recall mandate denied May 18, 1926.

# E. W. SPENCER *v.* J. E. WOLFF.

### (243 Pac. 548.)

**Limitation of Actions—Partnership—Complaint for Discovery and Accounting Held not Demurrable, on Ground That Suit was not Begun Within Six Years After Defendant Collected Money Sued for, nor as not Stating Sufficient Facts.**

1. In suit for discovery and accounting of partnership funds, complaint not showing on face when defendant collected money sued for, or that partnership was dissolved and its affairs settled, *held* not demurrable, on ground that suit was not begun within six years after collection of money, nor as not stating sufficient facts, good cause of suit in equity being stated.

**Equity—Decree on Pleadings Held not Warranted by Admission of Fact Alleged in Answer, Where Other Issues of Fact were Joined by Pleadings.**

2. Where other issues of fact than tenancy in common between parties, as alleged in answer and admitted in reply, were joined by pleadings in suit for discovery and accounting of partnership funds, defendant was not entitled to decree on pleadings; such allegation not presenting complete defense nor tendering any issue different from denial of partnership.

**Partnership—Admission in Reply of Allegation of Answer That Parties Built Boat as Tenants in Common not Admission That They Did not Own and Operate It as Partners.**

3. In suit for money accruing to alleged partnership between parties for owning, operating and navigating a motor-boat, admission in reply of affirmative allegation of answer that parties "built" boat as tenants in common, was not admission that they owned and operated it otherwise than as partners.

**Appeal and Error.**

4. Where evidence at trial is not part of record, it is presumed that there was evidence to support court's finding.

**Equity—Pleading Held Sufficient to Support Decree for Plaintiff in Suit for Accounting.**

5. In suit for discovery and accounting of money accruing to partnership owning and operating motor-boat, pleadings *held* sufficient to support decree for plaintiff for half of insurance money received

---

2. See 15 R. C. L. 579.
3. See 20 R. C. L. 841.
4. See 2 R. C. L. 219.

by defendant for damage to boat by fire and half of amount salvaged.

**Partnership.**

6. A finding that parties to suit for accounting engaged in common venture "partaking of all elements of a partnership," *held* equivalent to finding of partnership.

**Trial—Proceeding in Circuit Court for Partnership Accounting not Dismissed Because Addressed to Wrong Side of Court (§ 390, Or. L.).**

7. Circuit Court has jurisdiction of proceeding for discovery and accounting of partnership funds, whether it is suit in equity or action at law, and proceeding will not be dismissed because addressed to the wrong side of the court, in view of Section 390, Or. L.

---

Appeal and Error, 4 C. J., p. 727, n. 19, 21, p. 777, n. 69.
Dismissal and Nonsuit, 18 C. J., p. 1180, n. 14, 17.
Partnership, 30 Cyc., p. 732, n. 47, p. 733, n. 55.
Trial, 38 Cyc., p. 1921, n. 99.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

This suit was instituted to collect a sum of money alleged to have accrued to a partnership between the parties. The complaint alleges that the parties formed a copartnership for the purpose of owning, operating and navigating a motor-boat known as Wolff II; that subsequent to the formation of said partnership the motor-boat was insured and thereafter partially destroyed by fire; that the defendant collected a sum of money upon said policy of insurance; that the defendant has refused to account with plaintiff for his share of the money so collected; that defendant had also salvaged what was left of said motor-boat and refused to account to plaintiff for his share of money received for said salvage; that the defendant had also collected for the use and navigagation of said motor-boat certain sums of money, the amount of which was unknown to plaintiff, and that it was necessary for a discovery and accounting be-

tween the plaintiff and defendant. The plaintiff prays for such discovery and accounting and for judgment for his share in all money received from said partnership enterprise, for costs and disbursements and general relief. The complaint does not show when the money so collected by the defendant was received by him. This suit was instituted May 12, 1922. The defendant demurred to the complaint on three grounds. First, that the suit was not begun within six years after the collection of said money. Second, that the court was without jurisdiction. Third, that the complaint did not state sufficient facts. The demurrer was overruled and defendant filed his answer denying the partnership and his liability to the plaintiff and sets up as an affirmative defense that the plaintiff and defendant,

"as tenants in common, built a motor boat which was named 'Wolff II,' and the purpose of the parties was to race said boat particularly at the Astoria Regatta, and other racing events, * * ; and Plaintiff was to inherit such glory as would be incident to the winning of the races; and Plaintiff was to receive for his sole use, such other emoluments which he could arrange for, other than the prizes obtained from winning races."

The affirmative answer further sets up that the plaintiff refused to insure his interest in said boat and that defendant insured the latter's interest only, and further states the amount of the salvage and pleads the statute of limitation. A reply was filed admitting the affirmative allegation in the answer to the effect that the plaintiff and defendant as tenants in common built said motor-boat and denies the other material allegations of the answer. The cause was tried upon the evidence adduced in open court, and

a decree rendered in favor of the plaintiff for the sum of $671.41, one half of the amount received for the damage to said boat by fire, $25, one half of the amount salvaged and plaintiff's costs and disbursements. From this decree the defendant appeals. The evidence taken in the Circuit Court was not reduced to writing and it is not a part of the record. The only questions presented on this appeal are the sufficiency of the complaint and whether or not the admission by plaintiff of defendant's allegation that the plaintiff and defendant built said boat as tenants in common entitles defendant to a reversal of said decree.

AFFIRMED. REHEARING DENIED. MOTION TO RECALL MANDATE DENIED.

For appellant there was a brief over the name of *Mr. George Shepherd.*

For respondent there was a brief over the names of *Mr. John Kaste* and *Mr. Irving Rand.*

COSHOW, J.—1, 2. The demurrer to the complaint was properly overruled. It does not appear from the face of the complaint when the defendant collected the money, nor that the partnership alleged in the complaint and admitted by the demurrer was dissolved and its affairs settled: *McKinnis* v. *Dodge et al.,* 103 Or. 9, 15 (203 Pac. 876); *McDonald* v. *Holmes,* 22 Or. 216 (29 Pac. 735). The complaint states a good cause of suit in equity: *Li Sai Cheuk* v. *Lee Lung,* 79 Or. 563 (146 Pac. 94, 156 Pac. 254). The affirmative matter alleged in the answer and admitted by the plaintiff does not constitute a complete defense to plaintiff's cause of suit.

There are other issues of fact joined by the pleadings. Defendant was not, therefore, entitled to a decree on the pleadings: *Owen et al.* v. *Leber et al.*, 112 Or. 136, 141 (228 Pac. 927). The allegations that the relation of the parties was a cotenancy may well be considered an affirmative denial of the averment of partnership. It tenders no issue different from the denial of the partnership: *Welch* v. *Johnson*, 93 Or. 591, 597 (183 Pac. 776, 184 Pac. 280); *Kabat* v. *Moore*, 48 Or. 191, 195 (85 Pac. 506). This particular question seems not to have been submitted to the Circuit Court, and requires no further extended discussion.

3, 4. However, the allegation in the affirmative answer does not aver they did not own and operate the boat as partners but merely declares they *built* it as tenants in common. The admission in the reply is not broader than the allegation admitted, and is not an admission that they owned and operated the boat otherwise than as partners. The boat may have been built by them as tenants in common, and also owned and operated as a partnership. Both allegations could be true. The court found as a fact:

"On or about the 3rd day of May, 1909, Plaintiff and Defendant agreed to and did engage in a common venture or enterprise, partaking of all elements of a partnership, for the purpose of constructing, owning, operating and navigating a motor boat known as "Wolff II," and the Plaintiff advanced and contributed to said partnership the sum of $1500.00, and Defendant contributed thereto his time, labor and services and certain sums in cash."

5. The presumption is that there was evidence to support this finding. The evidence taken during the trial is not here so that we are unable to try the

119 Or.—16

case anew. The pleadings are sufficient to support the decree: *Wood* v. *School District No. 13 et al.,* 107 Or. 280 (214 Pac. 589).

6. The finding is equivalent to a finding that the parties were partners. "Things equal to the same thing are equal to each other." A relation between two persons engaged in business together "partaking of *all* elements of a partnership" is a partnership. Persons associated jointly in an enterprise when held not to be partners were so held because their association together lacked one or more elements necessary to a partnership.

7. The Circuit Court had jurisdiction of the cause regardless of the question of whether or not it is a suit in equity or an action at law. No proceeding in the Circuit Court should be dismissed because addressed to the wrong side of the court. The cause should be disposed of according to its merits in the proper forum notwithstanding the litigants may have mistaken their appropriate remedy: Section 390, Or. L.                    Affirmed.

The decree is affirmed.

RAND, J., took no part in this case.

BURNETT, J., Dissenting.—The following allegations appear in the complaint:

"That on or about May 3rd, 1909, the parties hereto formed a co-partnership for the purpose of owning, operating and navigating a motor boat known as 'WOLFF II,' and to said partnership plaintiff contributed the sum of $1500.00 in cash, and said partnership, for the purpose aforesaid, has continued ever since, and now exists between the parties hereto.

"That subsequent to the formation of said partnership, said motor boat was insured against loss by fire

with the National Insurance Company, and subsequent thereto, said motor boat was partially destroyed by fire, on or prior to October 1st, 1910, and defendant, unbeknown to plaintiff, and without his knowledge or consent, collected and received a sum of money upon said policy of insurance, from said National Insurance Company, as insurance loss sustained by said partnership.

"Defendant has utterly failed and refused, and still fails and refuses to account to said partnership, or to plaintiff herein, for said money so had and received, and thereafter, defendant sold or appropriated to his own use, the salvage remaining from said motor boat, and has failed and refused hitherto to account to said partnership, or to plaintiff herein, for said proceeds of said salvage, or any part thereof."

On the theory that the parties were partners in the boat involved, the plaintiff prays for an accounting of the partnership. A demurrer was interposed to the effect that it appears from the complaint that more than six years have elapsed since the plaintiff's cause of suit arose against the defendant, that the court has no jurisdiction of the cause of suit, and that the complaint does not state facts sufficient to entitle the plaintiff to the relief demanded, but this demurrer was overruled. The defendant denies all of the complaint except as stated in the answer. Further answering the defendant alleged:

"That on or about the 3rd day of May, 1909, plaintiff and defendant, as tenants in common, built a motor boat which was named 'Wolff II,' and the purpose of the parties was to race said boat particularly at the Astoria Regatta, and other racing events, including Seattle, Washington, and Vancouver, Washington, and plaintiff contributed fifteen hundred ($1500) dollars for a one-half interest in said motor boat, and defendant contributed a like sum in labor and cash, and was to render services as operator and

mechanician in consideration of the prizes hung up for the racing in which said motor boat participated'';

and this was expressly admitted by the reply. Coupled with the averment of the answer above quoted is this additional matter:

''and plaintiff was to inherit such glory as would be incident to the winning of the races; and plaintiff was to receive for his sole use, such other emoluments which he could arrange for, other than the prizes obtained from winning races.''

This, however, was denied by the reply.

The defendant averred further, in substance, that he insured only his own interest in the boat by a transfer of a policy from another boat owned by himself, and that he collected the insurance which he had thus placed for his individual benefit, that the boat here involved was destroyed by fire and the only salvage from total loss was a six-cylinder motor of no greater value than fifty dollars, which he has in his possession. It is further averred in the answer:

''That more than six years has elapsed since plaintiff's cause of action accrued, if he has any cause of action against defendant, and more than six years has elapsed since said fire, and since the collection of said insurance by defendant.''

All of the answer was denied except the part already admitted and except the collection of the insurance averred in the answer. The trial judge made findings of fact, among others as follows:

''On or about the 3rd day of May, 1909, plaintiff and defendant agreed to and did engage in a common venture or enterprise, partaking of all elements of a partnership, for the purpose of constructing, owning, operating and navigating a motor boat known as 'WOLFF II,' and the plaintiff advanced and contributed to said partnership the sum of $1500, and

defendant contributed thereto his time, labor and services and certain sums in cash. Said motor boat was to be used, and was actually used by plaintiff and defendant as a racing boat, and plaintiff and defendant jointly owned and operated and navigated the same in regattas and races for the purpose of winning trophies and prizes, and said trophies and prizes so won were divided between the said parties and the expenses incurred thereby in so doing were borne equally by them.

"Said motor boat was insured by defendant but unbeknown to plaintiff against loss by fire, and subsequent thereto said motor boat was partially destroyed by fire prior to October 1st, 1910, and defendant, unbeknown to plaintiff, on said day collected and received as insurance for loss sustained by plaintiff and defendant, the sum of $1,342.80 and the salvage, and said insurance and said salvage were for the common benefit of both plaintiff and defendant."

The court deduced the conclusion that the plaintiff was entitled to have half of the insurance and half of the salvage, entered a decree accordingly, and the defendant appeals.

The contention of the defendant is that the findings of fact and conclusions of law reached by the court are not justified by the pleadings. That, and the effect of the plea of the statute of limitations, constitute the only questions presented for review, because the testimony taken has not been reported to this court. The allegation of the complaint that a partnership was formed is traversed by the answer, and on the other hand the averment that the plaintiff and defendant were tenants in common of the vessel is admitted. Consequently we must treat the case as if the plaintiff had himself stated that they were tenants in common. The situation is not one of mere denial of the complaint. The plaintiff avers the estate of partnership. The defendant denies that estate and

alleges an entirely distinct estate of tenancy in common. The consequences that flow from these two estates are materially different from each other as will be made to appear further on in this opinion.

The allegation of the answer further is to the effect. so far as the defendant is concerned, that he "contributed a like sum in labor and cash, and was to render services as operator and mechanician in consideration of the prizes hung up for the racing in which said motor boat participated." There is no dispute, therefore, that so far as the legitimate earnings of the racing craft were concerned, the defendant was to receive all of them for his services as operator and mechanician. The traversed allegation that the plaintiff was to get such other emoluments as he could arrange for is of no concern at this juncture.

First, as to whether the admitted allegation of the answer shows that a partnership existed between the parties: In *Flower* v. *Barnekoff*, 20 Or. 132, 143 (25 Pac. 370, 11 L. R. A. 149), Mr. Justice Robert S. Bean wrote:

"Partnership and community of interest, independently considered, are not always the same thing, nor is a mere community of interest sufficient, but there must be an agreement to share the profits and losses, and such profits must be shared as the result of the adventure or enterprise, in which both are interested and not simply as a measure of compensation. * * Profits may be, and in fact often are, received as mere compensation in case of service or special agency where the employee has no interest in the business or power as a member of the firm and no interest in the profits, as such, but is employed as a servant, special agent or broker, and is to receive a given proportion of the profits as compensation for his services. In such case the receipt of profits does not constitute a partnership."

The first part of this excerpt is quoted with approval by Mr. Chief Justice McBRIDE in *Shebley* v. *Quatman,* 66 Or. 441 (134 Pac. 68). In *Wheeler* v. *Lack,* 37 Or. 238 (61 Pac. 849), it was said that:

"A partnership has been defined to be a contract of two or more competent persons to place their money, effects, labor, skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions. A mere community of interest is not sufficient, nor will an agreement to divide the gross earnings constitute individuals partners. There must be an interest in the profits as profits, and such profits must be shared as the result of the adventure or enterprise in which both are interested, and not simply as a measure of compensation."

We turn now to *Northwest Transfer Co.* v. *Investment Co.,* 81 Or. 75 (158 Pac. 281), where Mr. Justice HENRY J. BEAN, succinctly states the matter thus:

"The agreement entered into between the parties in this case does not establish a partnership between the plaintiff and the defendant Investment Company, for the following reasons: (1) There is no stipulation to share in the profits and losses of the business; (2) There is no community of interest between the parties in the subject matter of the contract; (3) There is no intention manifested by the parties to become partners."

Applying this precept to the case in hand, we have here the admitted allegation that for his services as operator, the defendant was to receive the prizes in the contests in which the motor-boat participated. There is no sharing in the profits. The defendant was to get all of them. Nothing is said in the admitted allegation about sharing losses. All that appears is that they were tenants in common of the motor-boat. Upon such a foundation it was impossible

legitimately to construct a foundation of fact to the effect that the plaintiff and the defendant were partners. The findings of fact must conform to the admissions in the pleadings. Indeed, a fair construction of the court's findings excludes the idea of partnership. Instead of stating directly that the plaintiff and defendant were partners, the· finding is that the common adventure was one "partaking of all elements of a partnership," and later on it says that "plaintiff and defendant jointly owned and operated and navigated" the boat. All of these elements point clearly to the conclusion as laid down by our own precedents, that there was no partnership between the parties and that nothing more existed between them except a tenancy in common in the boat employed in racing.

"Although partnership property has many of the characteristics of cotenancies, yet the interests of the partners in the firm property is *sui generis.* A mere tenancy in common does not create a partnership and a partnership will not be implied from the joint ownership or joint purchase of land, even when accompanied by an agreement to share the profits and losses of selling it, yet tenants in common may become partners like other persons where they agree to assume that relation towards each other. * * A partnership is distinguished from both a joint tenancy and a tenancy in common by the means and by the result of its creation. The means of its creation necessarily involves an agreement between the parties, whereas neither a joint tenancy nor a tenancy in common need rest on any agreement. The result of its creation is a relation between the parties whereby each is the agent of the other, with authority to manage and dispose of the firm's property, and to make all contracts within the scope of the business in which the firm was designed to engage. No such a result arises from a joint tenancy nor from a tenancy in common." 20 R. C. L. 806.

Ordinarily each partner may sell or pledge all the partnership property in the usual course of business, even without the knowledge or consent of the other partners: *Hembree* v. *Blackburn,* 16 Or. 153 (19 Pac. 73). Tenants in common hold their interests by title independent of each other and each may trace his title to a different origin. Neither one can affect or bind the title of the other by any act of his own. Even if he essays to convey the whole estate the conveyance will operate only to pass the title to his own share. His grantor becomes only a new tenant in common with the remainder of the original holders: *Le Vee* v. *Le Vee,* 93 Or. 370, 382 (181 Pac. 351, 183 Pac. 773). The admitted relation between the parties here is that of tenants in common and by that standard only can we adjudicate their dispute.

We come now to the question of insurance. The allegation of the complaint is that the motor-boat was insured by a certain company and afterwards was destroyed by fire. In whose interest and for whose benefit the insurance was effected is not stated. It does not appear that the plaintiff had any interest in the insurance. It was perfectly legitimate for the defendant to insure his own interest in the boat. Indeed, so far as tenants in common of property are concerned, neither one has any insurable interest in the part owned by the other. The rule is thus stated in 38 C. J. 1008.

"One who is a part owner of a vessel, cargo, or other property may protect his own interest by insurance, and the same is true of one who is otherwise interested with others in a marine adventure; but a part owner or person partly interested has no insurable interest in the shares of the other part owners or persons interested. This rule of course does not prevent one part owner from insuring for the others if his act is authorized or ratified by them, or from

protecting by insurance on his own account any interest he may in fact have, by reason of advances or disbursements made or liability assumed with respect to the other shares."

In the instant case there is no pleading that there was any agreement or authorization that the defendant should insure the boat for the interest of both of the tenants in common. Indeed, it is said in the complaint that the defendant "unbeknown to plaintiff and without his knowledge or consent, collected and received a sum of money upon said policy of insurance." And the court has found "that said motorboat was insured by defendant, but unbeknown to plaintiff, against loss by fire." It is thus stated by Mr. Justice McILVAINE, in *Knight* v. *The Eureka Fire and Marine Insurance Co.*, 26 Ohio St. 664 (20 Am. Rep. 778):

"A part-owner of the vessel has no authority, by reason of the joint ownership, to insure the interests of other owners; hence, a policy taken upon the whole vessel in his own name, without previous authority or subsequent ratification by other owners, is invalid, except as to the interest of the part-owner procuring it."

See, also, *Sawyer* v. *Freeman*, 35 Me. 542; *Graves* v. *Boston Marine Insurance Co.*, 2 Cranch, 419 (2 L. Ed. 324, see, also, Rose's U. S. Notes); *Murray* v. *Columbian Insurance Co.*, 11 Johns. 302; *Finney* v. *Warren Insurance Co.*, 1 Met. (Mass.) 16 (35 Am. Dec. 343).

Under the circumstances of the admitted tenancy in common, of the right of any such tenant separately to insure his own interest in the vessel, that he has no insurable interest in the part belonging to the other tenant, and lastly, that the complaint does not state that the plaintiff had an interest in the policy issued, that pleading is insufficient in its statement of facts

to authorize a recovery of money collected on the insurance policy. The plaintiff cannot reap insurance where he has not shown a premium, and make that fact to appear in his complaint.

Moreover, the findings of fact to the effect that the defendant collected the insurance on October 1, 1910, coupled with the other fact appearing in the record that the suit was not commenced until May 12, 1922, sustains the defendant's plea of the statute of limitations. If part of the insurance money belonged to plaintiff as a tenant in common of the boat, a cause of action immediately arose in his favor when and if the defendant collected the fund. For such a right, the remedy of the plaintiff by action at law was plain, speedy and adequate. There is nothing to indicate in this case, according to the pleadings, or, for that matter, by the findings of fact, that any fiduciary relationship or trusteeship existed between the parties. The time within which the plaintiff was authorized to bring action for his share of the proceeds of the insurance as for money had and received expired long prior to the commencement of this suit.

The decree of the Circuit Court should be reversed.

REVERSED.   REHEARING DENIED.   MOTION TO RECALL MANDATE DENIED.