**MOTTER, Collector of Internal Revenue, v. WALLACE.**

**SAME v. STANTON.**

Nos. 995, 996.

Circuit Court of Appeals, Tenth Circuit.

Aug. 18, 1934.

F. W. Dewart, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Sewall Key and S. E. Blackham, Sp. Assts. to Atty. Gen., and Sardius M. Brewster, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellant.

Harry L. Donnelly, of Kansas City, Mo. (Phil D. Morelock and Perry W. Shrader, both of Kansas City, Mo., on the brief), for appellees.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

These actions were brought by Thomas Wallace and James Stanton, Sr., to recover $10,636 and $9,917.69, respectively, alleged overpayments of their income taxes for the year 1921. The claims of both taxpayers are predicated upon the same transactions. By agreement of the parties the cases were consolidated, a jury was duly waived, and the issues tried to the court.

The material facts are these: Thomas Wallace, James Stanton, Sr., and James Stanton, Jr., were members of the partnership of Stanton & Company. Each partner had a one-third interest in the business. In 1918 Stanton & Company entered into a joint adventure with Edward Jones to do certain construction work for the United States, known as the Pelican Bend project, pursuant to a contract between the United States and the co-adventurers under the name of Stanton & Jones. Thereafter Charles Stanton became a member of the joint adventure and was to be paid a minimum compensation of $5,000.

During 1921 the Pelican Bend project was completed by Stanton & Jones at a loss to it of $78,917.69. In 1921 James Stanton, Sr., filed a suit in the Court of Claims against the United States alleging that the United States improperly interfered with the carrying out of such contract, and thereby damaged Stanton & Jones in the sum of $100,000. The suit is still pending.

On December 26, 1921, James Stanton, Sr., Charles Stanton, and Edward Jones entered into a written agreement dissolving the joint adventure. By the terms of the agreement Jones was to receive $5,000 in cash and a commission of 10% on the net proceeds from the sale of equipment, and was released from any and all liability on account of his interest in the joint adventure, except upon a doubtful claim being asserted by one Clevenger; and in return James Stanton, Sr., was to receive four-fifths of the 50% interest of Jones in the claim against the United States, and all the other assets of the joint adventure consisting of cash, machinery, and equipment. Jones was insolvent prior to and at the time the agreement was executed. Stanton & Company paid the entire loss of $78,917.69, and on December 31, 1921, it was charged off on its books as worthless.

Wallace and James Stanton, Sr., in their income tax returns for 1921 each deducted one-third of $78,917.69 or $26,305.90 as his share of the loss. The Commissioner held that Stanton & Company incurred only one-half of the loss, and reduced this amount to $13,152.95.

In 1920 Stanton & Company entered into a joint adventure with Amerman, under the name of Stanton & Amerman, to pave certain streets and alleys in Claremore, Oklahoma. As payment therefor, they received special assessment bonds having a face value of $363,073.92. Wallace and James Stanton, Sr., each claimed a deduction of $10,001.22 on that transaction, asserting that the actual value of the bonds did not exceed 56% of their face value. The Commissioner determined that the value of the bonds was 75% of their face value.

Deficiencies were assessed against Wallace and James Stanton, Sr., on both transactions, and they were paid under protest. Claims were thereafter filed and rejected, and these actions followed.

The court awarded judgments for the full amount of the claims, and the Collector has appealed.

The Collector now concedes the correctness of the claims on the Claremore bond issue.

Counsel for appellees contend that the finding and decision with respect to the claim based on the Stanton & Jones loss, may not be reviewed here because of the absence of a proper motion or request below.

At the close of all the evidence, counsel for the Collector interposed a motion for judgment on the ground that "under the law and evidence the claimant has failed to prove a cause of action against the defendant." The motion was overruled and an exception taken. Thereupon both parties submitted requests for special findings of fact and conclusions of law. Appellee's requested findings were adopted by the court, and the Collector's were refused. Exceptions were duly saved to such rulings.

Requested conclusion of law No. 5, which was refused, is as follows:

"The Court further concludes as a matter of law that James Stanton is not entitled to recover from the defendant H. H. Motter herein on account of the bad debt of Edward Jones for the reason that under a certain contract James Stanton released Edward Jones of any and all liability for certain consideration."

Requested conclusion No. 7 was for judgment.

■ The findings, whether general or special, have the same effect as the verdict of a jury (28 USCA § 773; White v. United States (C. C. A. 10) 48 F.(2d) 178), and whether the findings shall be special or general rests in the discretion of the trial court. White v. United States, supra; Kansas City Life Ins. Co. v. Shirk (C. C. A. 10) 50 F.(2d) 1046; McPherson v. Cement Gun Co., Inc. (C. C. A. 10) 59 F.(2d) 889.

■ When a party challenges the sufficiency of the evidence to support a special finding by a motion for judgment in his favor, a request for a declaration of law that he is entitled to judgment, or by other like motion that fairly presents the question to the trial court, an adverse ruling thereon duly excepted to and presented by a proper bill of exceptions may be reviewed on appeal. White v. United States, supra; Wear v. Imperial Window Glass Co. (C. C. A. 8) 224 F. 60. See, also, Greenway v. United States (C. C. A. 10) 67 F.(2d) 738; Kolton v. United States (C. C. A. 10) 67 F.(2d) 741.

■ The requested declaration of law followed by a motion for judgment, was in effect a motion for judgment in favor of the Collector denying the claim based on the Stanton & Jones loss.

We may therefore review the sufficiency of the evidence to support the finding and judgment as to that claim.

The Revenue Act of 1921 (42 Stat. 239, 240, 245) in part provides as follows:

"Sec. 214. (a) That in computing net income there shall be allowed as deductions: * * *

"(7) Debts ascertained to be worthless and charged off within the taxable year; * * * and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part. * * *

"Sec. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. * * * *"

■ The statute permitting a deduction for bad debts prescribes three essential requirements which must be met before a taxpayer is entitled to a deduction of any amount as a bad debt: (a) There must be a debt existing in fact; (b) it must be ascertained to be worthless in the taxable year, and (c) it must be charged off in the taxable year. Jones v. Commissioner (C. C. A. 7) 38 F.(2d) 550; Wroe v. Bass (D. C. Tex.) 40 F.(2d) 695.

■ In 1921 Stanton & Company paid the loss incurred by Stanton & Jones. It is well settled that whenever a partner has properly paid liabilities of the firm out of his own funds, and the firm assets are insufficient to reimburse him, he is entitled to contribution from his co-partners.[1]

■ No action was taken regarding the loss paid by Stanton & Company until December 26, 1921, when Stanton & Jones was dissolved by agreement of the parties. Stanton & Company was entitled to reimburse itself from the firm's assets for the loss, or, if they were insufficient, to collect from Jones, personally, his pro rata share of the deficiency.

However, the record does not show that there was any deficiency. The agreement of December 26, 1921, provided that all of the assets, including nine-tenths of the $100,000 claim against the government, be turned over to James Stanton, Sr., that Jones be paid $5,000 in cash, 10% of the net proceeds derived from the sale of the road and river equipment, 10% of the amount realized on the claim against the government, and that he be released from all liability except as to the Clevenger claim. The transaction in effect released Jones from any liability for contribution, upon a valid consideration.

1 Farney v. Hauser, 109 Kan. 75, 198 P. 178; Tucker v. Stell, 169 Ark. 1, 272 S. W. 864; Burgess v. Badger, 124 Ill. 288, 14 N. E. 850; Hill v. Fuller, 188 Mass. 195, 74 N. E. 361; Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 40 Am. St. Rep. 554; McKinnis v. Dodge, 103 Or. 9, 203 P. 876; Chalk v. Collier (Tex. Civ. App.) 208 S. W. 972.

If a loss were incurred by Stanton & Company as a result of such agreement, the amount of such loss was not shown. The record is devoid of any evidence as to the value of the road and river equipment, the amount of cash in the bank, or whether the claim against the government is a meritorious one. The burden of proof to establish a deductible loss and the amount of it was upon Wallace and James Stanton, Sr. Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991; Jankowsky v. Commissioner (C. C. A. 10) 56 F.(2d) 1006; Wyoming Inv. Co. v. Commissioner (C. C. A. 10) 70 F.(2d) 191. This they failed to do.

The judgment is reversed, and the cause remanded for a new trial.