**WROE v. BASS, Collector of Internal Revenue.**

No. 1153.

District Court, W. D. Texas, Austin Division.
Jan. 27, 1930.

Cofer & Cofer, of Austin, Tex., for plaintiff.

John D. Hartman, of El Paso, Tex., for defendant.

WEST, District Judge.

Plaintiff's income tax return for 1921 was dated March 9, 1922. An audit and recomputation of plaintiff's tax liability, by revenue agents, conforming to findings of conferences held in August and September, 1925, disclosed a deficiency tax owing on March 27, 1926, of $2,542.27, which, with interest, was paid by plaintiff under protest. His claim for refund was denied by the Commissioner of Internal Revenue, whereupon he brings this suit to recover the amount paid, as being unlawfully withheld.

During the period of audit and conferences, the plaintiff contended that his brother's (Sam H. Wroe's) note to him for $18,373.08, dated June 2, 1921, should be allowed as a bad debt for the year 1921, because uncollectable and worthless in that year. This deduction from income for 1921, if allowed, would offset the deficiency in tax as found by the commissioner. Plaintiff also contended that the note was not definitely shown to be worthless and uncollectable until prior to the close of 1921—shortly before Sam H. Wroe's bankruptcy.

The material facts bearing upon these contentions are extracted from the statements made by plaintiff in the conferences referred to and by him as a witness upon the trial of the case, consisting of the following: The consideration for the note upon which claim for deduction is based originates largely from cash advances made by plaintiff to the partnership business conducted by plaintiff's father and his brother, Sam H. Wroe, and himself, from 1903 until that partnership was dissolved some months prior to 1919. At this time the plaintiff paid the debts of the partnership business. The note referred to was a renewal note of prior original notes or indebtedness of his brother, Sam H. Wroe. Plaintiff did not remember the amount of the original note of which the note in question is a renewal, or the date of such original note. He does not know whether it was in 1917 or 1918. The original note was an unsecured obligation; the brother had no security to give. Plaintiff stated in the conferences, and on the witness stand, that if he (Sam Wroe) had not been his brother, he would not have let him have the money. He did not include in his tax return for 1921 any claim of reduction of income on account of the note as being a bad debt. At the conferences he stated that his brother was insolvent at the time of the date of the note, and that the debt represented by the note was a bad debt prior to 1921; that he (plaintiff) kept no books with reference to his individual transaction with the partnership, and stated that from the time of the forming of the partnership, in 1903, to its termination in about 1918, he personally paid partnership indebtedness to the extent of $100,000. Plaintiff stated that he knew at the time of the termination of the partnership that this note would likely not be paid, and that there was only a remote possibility of its ever being paid.

The federal income tax revenue laws declare what deductions may be allowed from income. The Act of 1918, section 214 (a), 40 Stat. 1066, provides that: "In computing net income there shall be allowed as deductions: [Then follows numbered paragraphs fixing the deductions to be allowed]." In subparagraph 7 appears: "Debts ascertained to be worthless and charged off within the taxable year." The same sections, bearing same numbers, are found in the succeeding Revenue Acts of 1921 (42 Stat. 239), 1924 (43 Stat. 269), and 1926 (44 Stat. 27). Also see USCA title 26, § 955 (a) (7), and Act May 29, 1928, c. 852, § 23, 45 Stat. 799, 26 USCA § 2023(j). The words of the act are certain and clear. Therefore before a deduction may be lawfully made from incomes, three essential facts must concur: (1) That the debt was worthless, (2) that it be charged off, (3) within the taxable year. The plaintiff has the burden of establishing by a preponderance of the evidence that the requirements of the law through which relief is sought have been complied with.

The evidence does show that, though the note was worthless, it was a renewal of former notes or indebtedness of the maker of the note to the plaintiff, of former years, commencing prior to 1919 and running down to the date of its last renewal—June, 1921. Plaintiff made no claim in his tax return for 1921 for a deduction, nor does the debt appear as an item of account in that return, for any purpose; neither is there any evidence to show that this note was charged off

by plaintiff, as required by the statute. In Avery v. Commissioner of Internal Revenue, 22 F.(2d) 6, 55 A. L. R. 1277, the Circuit Court of Appeals for this Fifth Circuit holds that an "income taxpayer, to secure deduction of worthless debts under Revenue Act 1918 (40 Stat. 1057), must charge off debts in the year they were ascertained to be worthless, and cannot close his eyes to the obvious, and carry worthless accounts on his books as good, and then deduct them in a subsequent year to the one in which he must be presumed to have ascertained their worthlessness; presumption being that one knows what a reasonable person ought to know from the facts brought to his attention."

Upon the facts stated, the statute mentioned, and upon the quoted decision, the court holds that the plaintiff has failed to make out his case, and that judgment should be rendered for the defendant.