## INDUSTRIAL CO. v. UNITED STATES.
### No. H–360.

Court of Claims.
March 12, 1930.

714

Jacob S. Seidman, of New York City, for plaintiff.

Herman J. Galloway, Asst. Atty. Gen., and Joseph H. Sheppard, of Washington, D. C., for the United States.

PER CURIAM.

This case grows out of a claim for a refund by the plaintiff on the ground that it was entitled to a deduction on its income tax for 1924 on account of a bad and worthless debt.

On or before March 15, 1925, plaintiff filed its income-tax return for the calendar year 1924. It included as taxable income $19,763.10, as interest received on the note involved, but it omitted to claim as a deduction the loss of $144,636.10, the balance due on the note. The return showed a tax liability of $22,163.01, which amount the plaintiff paid in four installments in 1925.

On or about September 7, 1926, plaintiff filed with the collector of internal revenue at Detroit, Mich., a refund claim for the sum of $22,163.01. Said refund was made on Form 843 provided by the Treasury Department, Internal Revenue Service, according to the provisions of law in that respect and the regulations of the Secretary of the Treasury established in pursuance thereof. In said claim, among other things, plaintiff contended for the allowance of said bad debt loss as a deduction in computing its taxable income for the year 1924.

Under date of February 26, 1927, the Commissioner of Internal Revenue rejected the refund claim in its entirety and so advised the plaintiff by letter dated February 26, 1927, which letter was received by plaintiff approximately three days thereafter.

The findings of fact establish that there is no satisfactory proof that the debt due the plaintiff by the Meigs Pulpwood Company was ascertained to be worthless during the year 1924, nor is there satisfactory proof that this debt was charged off on the taxpayer's books in that year. In view of this finding that plaintiff cannot recover, as there is nothing to show that it has been illegally taxed. The finding of the Commissioner refusing the refund should stand, the petition should be dismissed, and it is so ordered.