## McCLURE v. UNITED STATES.
### No. 1632.

District Court, S. D. Florida.
March 9, 1932.

Ernest E. Roberts, of Miami, Fla., for plaintiff.

Wilbur P. Hughes, U. S. Atty., of Jacksonville, Fla., and Raymond F. Brown, Sp. Asst. to U. S. Atty., of Miami, Fla.

RITTER, District Judge.

This cause has been heard upon the issues joined by the pleadings, the evidence taken, and argument and briefs of counsel. The plaintiff alleges that a $25,000 loss occurred in the year 1925 upon a promissory note executed by one Harry J. Wood, and that this note constituted a worthless debt that should have been charged off during that year, and which by error was not done: The petitioner filed his return for the fiscal year 1925 on March 15, 1926, showing a net in-

come in the amount of $38,390.14. The income tax on this amount was paid. On March 15, 1929, petitioner filed his claim for a refund, setting up the aforesaid loss. The claim was rejected by the Commissioner of Internal Revenue, on May 10, 1929. On June 15, 1929, an additional claim for refund was filed, based upon errors alleged to have been made in the return, whereby the taxpayer overpaid his tax in the amount of $1,314.92. This claim was rejected November 6, 1929. In addition to the loss above set forth, there is set out in the petition, as a second count, a loss by reason of a mortgage which is claimed to have been worthless, in the year 1925, but the evidence discloses that this claim has never been presented to the Commissioner of Internal Revenue for a refund, and cannot be considered in this case, and a motion for judgment dismissing the same has been heretofore entered.

The Revenue Act of 1926 (44 Stat. 9, 26 [26 USCA § 955 (a) (7)]) provides in part as follows: Sec. 214. "(a) In computing net income there shall be allowed as deductions: * * * (7) Debts ascertained to be worthless and charged off within the taxable year."

The question, therefore, presented in this case is whether the plaintiff ascertained that the note in question was worthless during the year 1925, and charged the same off within the taxable year. Wroe v. Bass, Collector of Internal Revenue (D. C.) 40 F.(2d) 695. The evidence is that the debt was not charged off by the plaintiff because of a mistake made by his secretary, a Mr. Bowles, in not doing so. There is no satisfactory evidence that the note was found to be worthless in the taxable year, but, on the contrary, there is evidence that both the plaintiff and his secretary believed something might be obtained on the note. I think this is the reason it was not claimed as a bad debt in 1925.

The plaintiff did not make his claim until after a government agent had sought information from him concerning his income return for 1925 in 1929. I find, therefore, that there is no satisfactory proof that the debt here complained of was ascertained to be worthless during the taxable year 1925, and the evidence is clear that it was not charged off. The fact that Mr. Bowles, the private secretary of complainant, made out the income tax, will not excuse the plaintiff in this cause, because the evidence is that Bowles knew as much, if not more, than the plaintiff about the said bad debt, and Bowles' action in the premises must be chargeable as the action of the plaintiff in reference to the

1925 income tax return. Industrial Co. v. U. S. (Ct. Cl.) 38 F.(2d) 711; Appeal of Steele Cotton Mill Co., 1 B. T. A. 299.

The conclusion of law must follow that the alleged loss of $25,000 by the plaintiff was not such a loss by which a deduction could be made for the fiscal year 1925, and that the tax for the year 1925 sought to be recovered by the plaintiff was duly and legally assessed and collected.