## In re ELABORATED READY ROOFING CO.

### KLEIN v. UNITED STATES.

### No. 5332.

Circuit Court of Appeals, Seventh Circuit.
June 14, 1935.

Samuel E. Hirsch and J. Robert Cohler, both of Chicago, Ill., for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Norman D. Keller and Thomas A. Carpenter, Sp. Assts. to Atty. Gen., for the United States.

Before SPARKS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This is an appeal from the District Court, sitting in bankruptcy, and involves income taxes of a now bankrupt corporation for the year 1930. Judgment was rendered for the Government, and from that judgment this appeal is prosecuted by the trustee in bankruptcy.

It is conceded that the court had the power to determine the amount and the legality of the tax under the provision of section 64a of the Bankruptcy Act of 1898, as amended, 11 USCA § 104 (a); State of New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284.

It was stipulated:

"That on December 31, 1930, the bankrupt charged off on his books the sum of $24,394.63, representing various accounts receivable then appearing on the books of said bankrupt; that employees and officers of the bankrupt did during the year 1930 attempt to collect said accounts, but were unable to do so; that most of the debtors owing said accounts receivable were out of business prior to December 31, 1930; that some of the debtors were in no position to pay said debts; and that all of said accounts, aggregating $24,394.63, were definitely established to be worthless and uncollectible by said bankrupt prior to December 31, 1930.

"That said bankrupt, well knowing that said accounts receivable in the sum of $24,-394.63 were worthless and uncollectible, did, on December 31, 1930, for the purpose of obtaining credit from its creditors and

also to show a false financial standing, make an entry on the books of said bankrupt reversing the entry originally made charging off said accounts receivable.

"That as a result of a reversal of this entry said accounts receivable, aggregating $24,394.63, were not deducted from the income of said bankrupt for the year 1930.

"That said accounts amounting to $24,394.63 represented existing debts; that the worthlessness of said accounts receivable was ascertained by the bankrupt during the taxable year 1930; and that said amount of $24,394.63 was charged off by said bankrupt within the taxable year."

■ The court's ruling was based on the theory that it had no power to allow the deduction for the bad debts referred to in the stipulation, for the reason that section 23 (j) of the Revenue Act of 1928 (26 USCA § 2023 (j) [1] requiring that the debts (1) be ascertained to be worthless during the taxable year, and (2) charged off during that same year, had not been complied with. We think the first requirement was strictly followed. The word "ascertain" imports definiteness and it means to learn and to know with certainty. Under a continuation of the same conditions, it is not easy to conceive how one could learn and certainly know a second time that a debt was worthless. The Government here admits that the bankrupt ascertained the worthlessness of the debts during the taxable year, and admits the attempted acts of collection during that year, which, no doubt, convinced the bankrupt of their certain worthlessness. The fact that the bankrupt incurred both time and expense in attempts at collection during the taxable year is convincing that it had not yet reached that condition of certainty prior to 1930, which the statute required.

■ With reference to the second requirement, it is admitted that the bankrupt charged off the bad debts on December 31, 1930, but the Government calls to our attention the fact that on the same day, within a few hours, the bankrupt reversed that entry and again charged them on his books of account. Hence, it says that they should be considered as not having been charged off. If there were no explanation as to the bankrupt's intention in making those inconsistent entries, the court no doubt would be warranted in concluding that the first entry was erroneous in respect to their worthlessness. Under such condition, the court would be warranted in presuming that the last entry was rightly made and properly reflected the worth of the accounts, for entries of account are presumed to be rightly made and give the best indication of the condition of the business. The stipulation in this case, however, completely rebuts that presumption, for it is agreed that the accounts were worthless, and that they were recharged in the second entry for the fraudulent purpose of deceiving the bankrupt's creditors. That was not a fraud against the Government and it is not one of which the Government may take advantage as against the creditors, for they were not parties to it. The facts remain that the debts were worthless and were properly charged off within the taxable year. It is quite true that the bankrupt never sought a deduction of these accounts in his return. There was every reason why it should not have done so, in view of the fact of the fraud which it practiced on its creditors.

Under the facts presented, we think the court's ruling was erroneous. A perusal of the decisions cited by the Government convinces us that they are not inconsistent with this holding. See Jones v. Commissioner (C. C. A.) 38 F.(2d) 550; Industrial Company v. United States (Ct. Cl.) 38 F.(2d) 711; United States v. Klausner (C. C. A.) 25 F.(2d) 608; Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Wroe v. Bass (D. C.) 40 F.(2d) 695; Chicago Railway Equipment Company v. Blair (C. C. A.) 20 F.(2d) 10.

The decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

---

[1] Revenue Act of 1928, c. 852, 45 Stat. 791, 799:

"Sec. 23. *Deductions From Gross Income.*

"In computing net income there shall be allowed as deductions: * * *

"(j) *Bad Debts.*—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."